Mitchell B. JOHNSON, Sunde Enterprises, Ltd., Rylor Management, Inc., and Lewisville Restaurant Partners, Ltd., Appellants,

v.

LEGACY BANK OF TEXAS, Appellee.

No. 05–04–01044–CV.

Court of Appeals of Texas,
Dallas.

July 19, 2005.

Jeffery D. Gooch, The Law Firm of Jeffery D. Gooch, Fort Worth, TX, for Appellant.

Jennifer L. Owen, Higier, Lautin, Foxman & McKinney, P.C., Addison, TX, for Appellee.

Before Justices MORRIS, FRANCIS and LANG–MIERS.

## OPINION

Opinion by Justice MORRIS.

In this appeal following a summary judgment, Mitchell B. Johnson, Sunde Enterprises, Ltd., Rylor Management, Inc., and Lewisville Restaurant Partners, Ltd. contend the trial court erred in failing to grant their motion for new trial and not ordering Legacy Bank of Texas to disclose the terms of its settlement agreement with the other defendants in this suit. We conclude appellants have not shown the trial court abused its discretion in denying their motion for new trial. We further conclude appellants did not preserve error with respect to disclosure of the settlement agreement. We affirm the trial court's judgment.

I.

Legacy Bank of Texas filed suit for nonpayment of a commercial real estate loan against various defendants including appellants Mitchell B. Johnson, Sunde Enterprises, Ltd., Rylor Management, Inc., and Lewisville Restaurant Partners, Ltd. Approximately nine months after filing suit, Legacy settled with all the defendants except appellants pursuant to a confidential settlement agreement. Legacy then filed a motion for summary judgment contending the undisputed facts showed appellants were in default and that Legacy was entitled to recover the just amounts owed

under the note as a matter of law. In support of its motion, Legacy filed an affidavit by Myron Butler, senior vice president of the bank, stating that "[a]s of January 26, 2004, after all offsets, payments, and credits, there was due and owing on the Note the sum of $1,087,795.97 with interest continuing to accrue from that date until the date of judgment at the rate of $173.75 per diem."

In response to the motion for summary judgment, appellants argued the motion was premature because they had not had adequate time to complete discovery. Specifically, appellants argued they had not had sufficient time to obtain discovery on the settlement agreement between Legacy and the other defendants. According to appellants, the settlement agreement was relevant to whether any of the causes of action against them had been rendered moot and whether the proceeds from the settlement had been properly applied to offset any amounts appellants allegedly owed under the note. Appellants did not request a continuance of the hearing on the motion for summary judgment to allow time for further discovery, nor did they move to compel Legacy to disclose the terms of the settlement agreement. Following a hearing on Legacy's motion, the trial court granted summary judgment against appellants.

Appellants timely filed a motion for new trial requesting that a new trial be granted on the basis of newly discovered evidence. Appellants argued they had recently learned that the property that was the subject of the note had been subleased to a new tenant by one of the settling defendants. In their affidavit filed in support of the motion, appellants conceded they had no knowledge of the terms of the new lease. But appellants contended that if Legacy were "allowed to accept the proceeds from the lease and payment for the

judgment against [appellants] they will essentially be receiving payment twice resulting in unjust enrichment." Appellants also reiterated that, without disclosure of the terms of the settlement agreement, they were unable to determine if they had been given all the offsets to which they may have been entitled.

Legacy responded to the motion for new trial arguing that most of the "newly discovered" facts upon which appellants based their motion were known to appellants before Legacy filed its motion for summary judgment. Legacy further argued that the allegedly new sublease on the property had no bearing on the note, was of no benefit to the bank, and could not result in any credit or offset to appellants' obligations under the note. Butler testified at the hearing on the motion that nothing done to the property would generate any income to the bank and that all possible offsets or credits that were created by the settlement agreement had already been applied when he testified to the amount due under note in support of the motion for summary judgment. Appellants presented no evidence at the hearing to contradict Butler's testimony. The trial court denied appellants' motion for new trial and appellants brought this appeal.

## II.

■ Appellants first argue the trial court erred in denying their motion for new trial. Appellants' motion for new trial was made solely on the basis of alleged newly discovered evidence. A party seeking a new trial on the ground of newly discovered evidence must show the trial court that: (1) the evidence has come to his knowledge since the trial; (2) it was not owing to the want of due diligence that it did not come sooner; (3) it is not cumulative; and (4) it is so material that it would probably produce a different result

if a new trial were granted. *See Dallas Indep. Sch. Dist. v. Finlan,* 27 S.W.3d 220, 240 (Tex.App.-Dallas 2000, pet. denied). Whether to grant a motion for new trial is within the sound discretion of the trial court and, absent abuse of such discretion, the trial court's decision will not be disturbed on appeal. *See id.*

The only alleged newly discovered evidence appellants raised in their motion for new trial was the sublease agreement concerning the property that was the subject of the note. In response to appellants' motion, Legacy provided testimony that the new lease had no effect on any of the matters resolved by the summary judgment. Appellants conceded in their motion that they had no knowledge of the terms of the lease and they presented no evidence to contradict Legacy's testimony. Because appellants failed to demonstrate their newly discovered evidence was so material that it would probably produce a different result if a new trial were granted, we conclude the trial court did not abuse its discretion in denying appellants' motion for new trial.

Appellants also argue the trial court erred in failing to order Legacy and the other defendants to disclose the terms of their settlement agreement. Appellants do not point to anywhere in the record, however, where they requested the court to compel disclosure of the agreement. Absent such a request, appellants have waived their right to complain on appeal that the trial court failed to order disclosure. *See* TEX.R.APP. P. 33.1(a).

Based on the foregoing, we conclude appellants' arguments are without merit. We affirm the trial court's judgment.