

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| | § | No. 08-23-00220-CV |
| IN RE: BRUCE WHEATLEY, In His Capacity as Executor of the Estate of JUDITH WHEATLEY, Deceased, | § | Appeal from the |
| | § | Probate Court Number 1 |
| Relator. | § | of El Paso County, Texas |
| | § | (TC# 2014-CPR01539) |

**MEMORANDUM OPINION**

Relator, Bruce Wheatley, in his capacity as Executor of the Estate of Judith Wheatley, has filed a second petition for mandamus against the Honorable Patricia Chew, presiding in the Statutory Probate Court Number 1 of El Paso County, Texas, seeking to require the court to award possession of a piece of real property. On July 25, 2023, the trial court signed an order denying Relator's motion to obtain possession of real property. The petition for writ of mandamus is denied.

This mandamus is based on two of our prior opinions in this case. The most recent was a denial of mandamus that found "[a]fter reviewing relator's petition and the record before us, we conclude there is no record of a written or oral order from the trial court regarding relator's possession of the real property." *In re Wheatley,* No. 08-23-00147-CV, 2023 WL 4041895 (Tex. App.—El Paso June 15, 2023, orig. proceeding) (mem. op.). The second opinion is *Wheatley v Farley,* 610 S.W.3d 511 (Tex. App.—El Paso 2020, pet. denied).

In this second mandamus, Relator includes an order denying his motion to obtain the real property. Relator presents two issues, the first is "[t]he Court ruled the deeds conveying real property from Travis Kirchner to Judith Wheatley are valid. The trial court disagrees. When real property is conveyed to a grantee, does the right to immediate possession of the property also go with the conveyance?" The second issue posits "[d]oes the owner of real property have the right to immediate possession of monies generated from said property." At the heart of the dispute is Relator's position that our opinion in *Farley* awarded the disputed real property to Judith Wheatley's estate while the trial court and the real party in interest, in their view, the issue was remanded to the trial court to retry.

The dispute revolves around the opinion discussion as recited below.

'Conveyance by deed requires delivery of the deed.' *Hernandez v. Hernandez*, 547 S.W.3d 898, 901 (Tex. App.—El Paso 2018, pet. denied) (citing TEX. PROP. CODE ANN. § 5.021); *accord Noell v. Crow-Billingsley Air Park Ltd. P'ship*, 233 S.W.3d 408, 415 (Tex. App.—Dallas 2007, pet. denied). Delivery encompasses two elements: '(1) the grantor must place the deed within the control of the grantee (2) with the intention that the instrument become operative as a conveyance.' *Hernandez*, 547 S.W.3d at 901; *accord Noell*, 233 S.W.3d at 415.

Manual delivery of the deed is not, however, required. *Noell*, 233 S.W.3d at 415. The test is not physical possession, but whether the grantor gave the grantee control of the deed. *Id.* at 416. For example, a grantor may effect a delivery through a third person: 'If a grantor delivers a deed to a third person, without any reservation on his part of the right to recall it, and with instructions to the third person to deliver it to the grantee upon the grantor's death, he thereby makes an effective delivery of the deed as a matter of law.' *Ragland v. Kelner*, 148 Tex. 132, 135, 221 S.W.2d 357, 359 (1949).

Ultimately, '[t]he question of delivery of the deed is controlled by the intent of the grantor, and it is determined by examining all the facts and circumstances preceding, attending, and following the execution of the instrument.' *Hernandez*, 547 S.W.3d at 901; *accord Noell*, 233 S.W.3d at 415.

Only two witnesses testified at trial, and neither could say whether the Deeds were delivered to Judy; both testified that they simply did not know. Farley admitted, though, that the Deeds were found among Judy's possessions after her death. The supreme court has held that, '[i]f a deed duly executed be found in the possession of the grantee, the delivery by the grantor and acceptance by the grantee will be presumed, subject, however, to be disputed.' *Gonzales v. Adoue*, 94 Tex. 120, 126, 58 S.W. 951, 953 (1900); *see Bell v. Smith*, 532 S.W.2d 680, 685 (Tex. Civ. App.— Fort Worth 1976, no writ); *Fox v. Lewis*, 344 S.W.2d 731, 741 (Tex. Civ. App.—Austin 1961, writ ref'd n.r.e.). Thus, the fact that the Deeds were found in Judy's possession among her belongings gives rise to a presumption that they were delivered to her. The question, then, is whether Farley rebutted that presumption. *See Gonzales*, 58 S.W. at 953 (presumption is subject to dispute).

The opinion in *Foster v. Cumbie*, 315 S.W.2d 151 (Tex. Civ. App.— Dallas 1958, writ ref'd n.r.e.), is instructive concerning evidence of non-delivery of a deed. The appellees in that case relied on 'the fact that there is no testimony from any witness who actually saw [the grantor] physically hand the deed to [the grantee], and the further fact that the deed was not recorded until after the grantor's death.' *Id.* at 158-59. The court concluded that those facts, standing alone, were insufficient to support a finding of non-delivery to rebut the presumption of delivery. *Id.* at 159.

As in *Foster*, Farley relies on the fact that there is no testimony from any witness who saw Travis, or anyone else, . . . physically give the Deeds to Judy, and the fact that the Deeds were not recorded until after Travis's death. This evidence, as in *Foster*, is insufficient to rebut the presumption of delivery. *See id.* But Farley also notes that there is evidence that Travis's and Judy's personal property had become intermingled when Judy moved Travis's belongings to the house where she was living. This gives rise to a possibility that the Deeds were in Judy's possession only because her property had become intermingled with Travis's. But that mere possibility is not sufficient to overcome the presumption of delivery, particularly in light of Farley's agreement at trial that the Deeds were found among *Judy's* personal belongings.

Finally, Farley relies on evidence that Travis treated Poki Roni as his own after he executed the Deeds. For example, he engaged in negotiations to sell Poki Roni, and included that property in an inventory of his assets as part of his 2014 holographic will. This evidence may, but does not necessarily, support an inference that he did not place those Deeds within Judy's control with the intent that they operate as a conveyance. The relevant time to gauge Travis's intent is the time the Deeds were placed within Judy's control. *See Ragland*, 221 S.W.2d at 359 (intent is measured

at 'the very time' of delivery). But the record in this case does not reveal when the Deeds were placed within Judy's control. As a consequence, it does not identify 'the very time' that Travis's intent must be assessed. *See id.*

The lack of evidence concerning when and how the Deeds came to be in Judy's control might, at first blush, appear to leave the issue of delivery (and the subsidiary issue of Travis's intent) unresolvable. However, we reiterate that the fact that the Deeds were found in Judy's possession at the time of her death gives rise to a presumption that they were delivered to her. *See Gonzales*, 58 S.W. at 953. And, because delivery of a deed requires an intent that the deed operate as a conveyance, the presumption of delivery includes a presumption that Travis intended, at the time the Deeds were placed within Judy's control, that they operate as a conveyance of Poki Roni to her. *See Noell*, 233 S.W.3d at 415; *Hernandez*, 547 S.W.3d at 901. We conclude that the evidence of non-delivery is not sufficient to overcome the presumption of delivery. It does, however, raise an issue of fact concerning Travis's intent in placing the Deeds within Judy's control.

The evidence is such that reasonable and fair-minded people could differ in their conclusions on the issue of delivery. *See City of Keller*, 168 S.W.3d at 827; *Ridgway*, 135 S.W.3d at 601. The trial court therefore erred by granting a directed verdict on that issue.

Accordingly, Wheatley's first issue is sustained.

*Id.* at 517-518. The judgment was reversed and remanded to the trial court for further proceedings consistent with our opinion. *Id.* at 519.

Mandamus relief is generally appropriate only to compel the performance of a ministerial duty or when a relator has no adequate appellate remedy for the trial court's clear abuse of discretion. *See In re Auburn Creek Ltd. P'Ship*, No. 21-0886, 2022 WL 17365718, at *2 (Tex. Dec. 2, 2022) (orig. proceeding) (per curiam) (abuse of discretion without adequate appellate remedy); *In re Phillips*, 496 S.W.3d 769, 774 (Tex. 2016) (orig. proceeding) (ministerial duty); *In re UpCurve Energy Partners, LLC*, 632 S.W.3d 254, 256 (Tex. App.—El Paso 2021, orig. proceeding). The burden is on the relator to show it is entitled to mandamus relief. *In re H.E.B.*

*Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *In re UpCurve Energy Partners*, 632 S.W.3d at 256.

After reviewing the mandamus petition and record, we conclude that Relator has failed to show that he is entitled to mandamus relief. Accordingly, we deny the petition for writ of mandamus.

YVONNE T. RODRIGUEZ, Chief Justice

August 23, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.