HOPE'S FINANCIAL MANAGEMENT
and Me Okere, Appellants,

v.

CHASE MANHATTAN MORTGAGE
CORP. & Lori J. Lamoreaux,
Appellee.

No. 05–04–00796–CV.

Court of Appeals of Texas,
Dallas.

Aug. 9, 2005.

Rehearing Overruled Oct. 6, 2005.

ME Okere, Dallas, pro se.

Wm. Lance Lewis, Quilling, Selander, Cummiskey & Lownds, P.C., for Appellee.

Before Justices MORRIS, FRANCIS, and LANG–MIERS.

## OPINION

Opinion by Justice MORRIS.

This is the latest appeal in a series of lawsuits arising out of an ongoing dispute over the ownership of residential property located in Dallas, Texas. The trial court granted summary judgment to appellee Chase Manhattan Mortgage Corporation on its counterclaims. Appellants Hope's Financial Management and ME Okere challenge the trial court's judgment. For the reasons that follow, we affirm the trial court's judgment.

This dispute dates back to 1996 when Victor Okere purchased property on Castle Bay Drive from Linda and Glen Sewell. At the time of Victor's purchase, Chase Manhattan held a mortgage on the property. Victor transferred the property to Hope's Financial, a sole proprietorship whose principals are Victor and ME Okere. In 1997, Chase Manhattan foreclosed on the property asserting the note it held on the property was in default. The property was sold at a non-judicial foreclosure sale and later deeded to the Secretary of Veteran Affairs. The VA deeded the property back to Chase Manhattan on February 28, 2003. About six months later, on August 26, 2003, ME Okere recorded a deed dated February 8, 1999 that purported to convey the property from the VA to Hope's Financial.

Hope's Financial first filed the present lawsuit against Chase Manhattan Mortgage Corp. and Lori J. Lamoreaux alleging the 2003 VA deed to Chase Manhattan was fraudulently obtained and invalid. The petition further alleged that Hope's Financial is the legitimate property owner, has been in possession of the property since 1996, and paid off the balance of the Chase Manhattan loan before the foreclosure sale. Chase Manhattan then filed a counterclaim against Hope's Financial and ME Okere asserting claims for trespass, unjust enrichment, and injunctive and declaratory relief. Later, the trial court signed an order granting Hope's Financial's motion for nonsuit on its affirmative claims. The trial court then granted Chase Manhattan's motion for summary judgment and rendered a final judgment awarding Chase Manhattan damages, injunctive and declaratory relief, and attorney's fees. This appeal followed.

■ Before turning to the merits of this appeal, we first address the adequacy of appellants' briefing on certain issues.

Appellants represent themselves. Pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable laws and rules of procedure. *See Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 677 (Tex.App.-Dallas 2004, pet. denied). Although appellants present eleven issues, the five-page argument portion of their brief does not present any discussion, argument, or authority with respect to issues one, two, five, six, seven, nine, and eleven. To the extent appellants mention these issues in other portions of its brief, there is a lack of any cogent argument and a complete absence of any legal authority to support its positions. Rule 38.1 requires appellants' brief to contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and the record." TEX.R.APP. P. 38.1(h). Issues are waived if an appellant fails to support his contentions by citations to appropriate authority. *See Wolfe v. C.S.P.H., Inc.*, 24 S.W.3d 641, 647 (Tex. App.-Dallas 2000, no pet.). Because appellants have provided no discussion, legal analysis or cited any appropriate authority with respect to their first, second, fifth, sixth, seventh, ninth, and eleventh issues, they present nothing for us to review.

Although not one of their numbered issues, appellants also contend the trial court erred in granting declaratory relief to Chase Manhattan because the VA and Victor Okere were not joined as parties to the action as required by section 37.006 of the Texas Civil Practice and Remedies Code. Again, appellants have provided no discussion, authority, or record citations to support their contention that failure to join these parties was reversible error. Accordingly, this complaint is waived. *See* TEX.R.APP. P. 38.1(h); *Wolfe*, 24 S.W.3d at 647.

In their third and fourth issues, appellants contend the trial court erred in granting summary judgment because the summary judgment evidence raised material fact issues. Appellants do not specifically identify what material fact issues are raised by the summary judgment evidence, but they appear to be exclusively related to ownership of the property. In their brief, appellants mention "plaintiff has a title filed with the public record and an abstract of title was filed." They also claim Chase Manhattan's admission that it sold the property to the VA, and its claim that appellants' deed was fraudulent, "raised controverted issues." They further assert the 2003 VA deed to Chase Manhattan was not valid or was fraudulent because a February 8, 1999 letter appellants received from the VA stated the VA had no interest in the property. Finally, they assert, without any elaboration or supporting evidence, that the affidavits attached to Chase Manhattan's summary judgment are a sham that Chase prepared and forced the affiants to sign.

Clearly, ownership of the property was a pivotal issue on which most, if not all, of Chase Manhattan's claims hinged. In its summary judgment motion, Chase Manhattan asserted multiple grounds for its position that the evidence conclusively established it was the current legal and record owner of the property. In addition to providing evidence of its chain of title, Chase Manhattan also argued res judicata and collateral estoppel precluded appellants from contesting its ownership because appellants raised or could have raised their current ownership claims in their earlier wrongful foreclosure lawsuit against Chase Manhattan. They also contended that even if appellants' 1999 VA deed was valid, the summary judgment evidence conclusively established Chase Manhattan was the rightful legal and record owner as a bona fide purchaser for value.

██ Because the trial court did not specify the basis for its ruling, appellants must challenge every ground upon which summary judgment could have been granted to obtain a reversal. *See Cullen/Frost Bank v. Commonwealth Lloyd's Ins.*, 852 S.W.2d 252, 256 (Tex.App.-Dallas 1993), *writ denied per curiam*, 889 S.W.2d 266 (Tex.1994). Appellants have not addressed Chase Manhattan's res judicata, collateral estoppel, or bona fide purchaser grounds. Because appellants have failed to address these alternative grounds, they have not established their evidence precluded summary judgment on the ownership issue. Accordingly, we resolve appellants' third and fourth issues against them.

██ In their eighth and tenth issues, appellants argue Chase Manhattan's claims are barred by various affirmative defenses. To defeat summary judgment based on an affirmative defense, appellants must present sufficient summary judgment evidence to raise a fact issue on each element of the defense. *See Am. Petrofina, Inc. v. Allen*, 887 S.W.2d 829, 830 (Tex. 1994). Appellants have not cited us to any evidence supporting their affirmative defenses. Appellants have the burden of directing us to the evidence in the record which supports their contentions. *See Most Worshipful Prince Hall Grand Lodge v. Jackson*, 732 S.W.2d 407, 412 (Tex.App.-Dallas 1987, writ ref'd n.r.e.). It is not our duty to make an independent search of the voluminous summary judgment record for evidence supporting their position. *Id.* Appellants have thus waived their appellate arguments with respect to their affirmative defenses. We resolve appellants' eighth and tenth issues against them.

We affirm the trial court's judgment.