ME OKERE d/b/a Hope's Financial Management, Appellant

v.

CHASE MANHATTAN MORTGAGE CORPORATION, Appellee.

No. 05–05–00597–CV.

Court of Appeals of Texas, Dallas.

May 17, 2006.

Dr. Me Okere, Hope's Financial Management, Dallas, appellant pro se.

Wm. Lance Lewis, Quilling, Selander, Cummiskey & Lownds, P.C., Dallas, for appellee.

Before Justices WHITTINGTON, BRIDGES, and LANG–MIERS.

## OPINION

Opinion by Justice BRIDGES.

ME Okere [1] d/b/a Hope's Financial Management appeals the trial court's judgment in favor of Chase Manhattan Mortgage Corporation in the underlying garnishment action. In seven issues, Okere challenges the trial court's entry of judgment, conduct of and failure to dismiss the underlying case, denial of Okere's motion to vacate or dissolve the writ of garnishment, failure to "conduct" findings of fact and conclusions of law, admission of a fraudulent affidavit in support of the garnishment action, and overruling of Okere's motion for new trial. We affirm the trial court's judgment.

This is the latest appeal in a series of lawsuits arising out of an ongoing dispute over the ownership of residential property located in Dallas, Texas. In August 2002, this Court determined the subject property located at 9914 Castle Bay Drive, was lawfully foreclosed upon by Chase. *Hope's Fin. Mgmt. v. Chase Mortgage Serv., Inc./ Chase Manhattan Mgt. Corp.*, No. 05–01–00751–CV, 2002 WL 1895268, 2002 Tex. App. LEXIS 5952 (Dallas August 19, 2002, no pet.) (not designated for publication). In May 2005, this Court affirmed the trial court's judgment arising out of Chase's forcible entry and detainer action against Okere. *Hope's Fin. Mgmt. v. Chase Manhattan Mortgage Corp.*, No. 05–03–01694–CV, 2005 WL 1253301 (Tex.App.-Dallas May 27, 2005, no pet.) (not designated for publication). In August 2005, this Court affirmed the trial court's summary judgment in favor of Chase on its counter-

---

1. Okere, representing himself pro se in this appeal on behalf of Hope's, identifies himself as "ME" Okere. *See M.E. Okere v. Apex Fin. Corp.*, 930 S.W.2d 146 n. 1 (Tex.App.-Dallas 1996, writ denied). In *Apex,* Okere attempted to change the record and removed documents from the Court's file. *See id.* at 151.

claims against Okere. *Hope's Fin. Mgmt. v. Chase Manhattan Mortgage Corp.*, 172 S.W.3d 105 (Tex.App.-Dallas 2005, pet. denied). This case arises out of Chase's garnishment action against Okere. The trial court entered judgment awarding Chase funds held by garnishee Bank of America, and this appeal followed.

■ In his first point of error, Okere argues the trial court entered its judgment after it lost its plenary power because the trial court dismissed the case with prejudice more than thirty days before entering judgment. On December 30, 2004, the trial court entered an order dismissing with prejudice the claims of Regina Okere, an intervenor in the case. However, the order provided that "all other claims in this action remain pending." Because this order did not dispose of the garnishment action except as to Regina Okere, the trial court did not lose plenary power thirty days later. We overrule Okere's first point of error.

In his second point of error and his first, second, fifth, sixth, and seventh "issues," Okere merely restates assertions and fails to present a clear and concise argument for the contentions made, with appropriate citations to authorities and the record. *See* TEX.R.APP. P. 38.1. Issues are waived if an appellant fails to support his contentions by citations to appropriate authority. *Hope's*, 172 S.W.3d at 107. Because Okere has provided no discussion, legal analysis, or citation to appropriate authority with respect to his second point of error and his first, second, fifth, sixth, and seventh "issues," they present nothing for us to review. *Id.*

■ In his third point of error, as well as his third "issue," Okere argues the application for a writ of garnishment was never properly served on him. On the contrary, the record contains the affidavit of attorney Lori J. Lamoreaux in which she states she sent complete copies of the notice of garnishment, the writ of garnishment, and the amended application for writ of garnishment to Okere at his address of record and his last known home address via certified mail. Okere offers no contradictory evidence other than his unsupported assertions in his brief that he did not receive service. We conclude the record does not demonstrate a lack of proper service. We overrule Okere's third point of error and his third issue.

■ In his fourth point of error, Okere complains that Chase failed to prove the grounds relied on for issuance of the writ of garnishment. In related arguments raised in his fourth issue and fifth point of error, Okere complains the trial court erred in refusing to dissolve the writ of garnishment. Specifically, Okere argues Chase failed to establish the parties named on the affidavit supporting the application for writ of garnishment were indebted to Chase and failed to meet the requirements of section 63.001 of the civil practice and remedies code.

A writ of garnishment is available to a judgment creditor where the creditor has a "valid, subsisting judgment and makes an affidavit stating that, within the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution sufficient to satisfy the judgment." TEX. CIV. PRAC. & REM.CODE ANN. § 63.001(3) (Vernon 1997). The record contains copies of the judgments against Okere in favor of Chase and another affidavit by Lamoreaux in which she cites Okere's testimony that he does not own any real property or other assets which would be subject to execution, and he holds a checking account with garnishee Bank of America. We conclude this evidence was sufficient to establish that Okere was indebted to Chase, Chase had a judgment against Okere, the application

for writ of garnishment properly named Okere, and Okere did not possess property in Texas subject to execution sufficient to satisfy the judgment. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 63.001(3) (Vernon 1997). We overrule Okere's fourth point of error, his fourth issue, and his fifth point of error.

We affirm the trial court's judgment.