Opinion Issued March 6, 2008









Opinion Issued March 6,
2008

 

 

 

 

 













 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 

 



NO. 01-06-01156-CV

 

 



MYRTIS ALEXANDER, Appellant

 

V.

 

LOUISE BENJAMIN MALEK, Appellee

 

 



On Appeal from County Civil Court No. 2

Harris County, Texas

Trial Court Cause No. 867829

 








 



MEMORANDUM OPINION

          Myrtis Alexander appeals a
summary judgment in favor of Louise Malek, the opposing counsel in an
underlying personal injury suit, for misrepresentation.  We affirm.

Background

          Alexander was involved in a
motor vehicle accident with Yinsuo Zhao in 2001, and subsequently sued him and
his insurance company for personal injuries.  Alexander represented herself pro
se; Malek represented Zhao, the defendant in the underlying case.  The trial
court originally set the case for the week of September 27, 2004, with a
pre-trial conference scheduled for September 24.  At the pre-trial conference,
the trial court told the parties that it was available for a bench trial that
week, but not a jury trial.  Alexander requested a continuance until October
11, which the trial court granted.  Alexander and Malek met outside the
courtroom to discuss waiving a jury trial.  Alexander alleges that Malek
persuaded her to agree to waive her right to a jury trial by assuring her that
if she was not satisfied with the trial court’s decision, she could return on
October 11 for a jury trial.  Alexander also alleges that Malek told her that
if Alexander changed her mind over the weekend, she could call Malek, and they
would wait until October 11 to try the case.  Malek denies misleading Alexander. 
The parties returned to the courtroom, and Alexander informed the judge that
she agreed to waive a jury trial.

On the day of the bench trial,
Alexander stated that she was not prepared to present her case.  Alexander
contends that she left messages for Malek and the court administrator,
informing them that she had changed her mind and wished to wait until October
11 to present her case.  The trial court, however, required Alexander to abide
by her agreement to have a bench trial that day, and found in favor of Malek’s
client.  

Alexander then brought this suit
against Malek, alleging that Malek had made negligent and fraudulent
misrepresentations to her and had submitted false evidence to the court, namely
a photograph, which caused Alexander to lose her personal injury suit.
Alexander asserts that she would have been prepared for trial but for Malek’s
misrepresentations.  The trial court granted summary judgment in favor of
Malek.

Discussion

Standard of Review

Malek moved for summary
judgment against Alexander under both traditional and no-evidence grounds.  See
Tex. R. Civ. P. 166a(c),
(i).  The traditional standard for summary judgment requires a movant to show
that no genuine issue of material fact exists and that the trial court should
grant judgment as a matter of law.  Tex.
R. Civ. P. 166a(c); KPMG Peat Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999).  We view all evidence in a light
favorable to the nonmovant and indulge every reasonable inference in the
nonmovant’s favor.  Provident Life & Accid. Ins. Co. v. Knott, 128
S.W.3d 211, 215 (Tex. 2003).  When a defendant moves for summary judgment, it
must either: (1) disprove at least one element of the plaintiff’s cause of
action; or (2) plead and conclusively establish each essential element of its
affirmative defense, thereby rebutting the plaintiff’s cause of action. Cathey
v. Booth, 900 S.W.2d 339, 341 (Tex. 1995); Farah v. Mafrige &
Kormanik P.C., 927 S.W.2d 663, 670 (Tex. App.—Houston [1st Dist.] 1996, no
writ).  We review a no-evidence summary judgment de novo by construing the
record in the light most favorable to the nonmovant and disregarding all
contrary evidence and inferences.  Merrell Dow Pharms., Inc. v. Havner,
953 S.W.2d 706, 711 (Tex. 1997).  A nonmovant meets its burden and defeats a
no-evidence motion by bringing forth more than a scintilla of probative
evidence that raises a genuine issue of material fact.  See Tex. R. Civ. P. 166a(i); Coastal
Conduit & Ditching, Inc. v. Noram Energy Corp., 29 S.W.3d 282, 284 (Tex. App.—Houston [14th Dist.] 2000, no pet.).  When, as here, the trial court’s order does
not specify the grounds for granting summary judgment, we affirm if any of the
grounds raised by the movant is meritorious.  FM Props. Operating Co. v.
City of Austin, 22 S.W.3d 868, 872 (Tex. 2000); Oliphint v. Richards,
167 S.W.3d 513, 516 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).

Negligent or Fraudulent Misrepresentation

Alexander contends that Malek
negligently or fraudulently misrepresented material facts concerning their
upcoming trial, which caused Alexander to lose her case.  In support of her
fraud claim, Alexander also asserts that Malek introduced false evidence when
she submitted photographs that depicted Alexander’s vehicle from an accident
other than the one for which Alexander filed suit.

To prevail
on a cause of action for negligent misrepresentation, Alexander must
prove that: (1) the representation was made by Malek in the course of her
business or in a transaction in which she had a pecuniary interest; (2) Malek supplied
“false information” for the guidance of others in their business; (3) Malek did
not exercise reasonable care or competence in obtaining or communicating the
information; and (4) Alexander suffered pecuniary loss by justifiably relying
on the representation.  See Federal Land Bank Ass’n of Tyler v. Sloane, 825 S.W.2d 439, 442 (Tex. 1991) (citing Restatement (Second) of Torts
§ 552).  Reliance must be reasonable to be justified.  American Tobacco Co.,
Inc. v. Grinnell, 951 S.W.2d 420, 436 (Tex. 1997).  

To prevail
on a cause of action for fraud, a party must offer proof of “a material
misrepresentation, which was false, and which was either known to be false when
made or was asserted without knowledge of its truth, which was intended to be
acted upon, which was relied upon, and which caused injury.” Atlantic
Lloyds Ins. Co. v. Butler, 137 S.W.3d 199, 225 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (quoting Formosa Plastics Corp. USA v. Presidio Eng’rs
& Contractors, Inc., 960 S.W.2d 41, 47 (Tex. 1998)).  As in a negligent
misrepresentation case, a party asserting a cause of action for fraud must
prove that it “actually and justifiably relied” on the alleged
misrepresentation and thereby suffered injury.  Butler, 137 S.W.3d at
225 (citing Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co., 51
S.W.3d 573, 577 (Tex. 2001)).

Here, Alexander fails to raise a fact
issue as to the element of reliance.  Malek had no attorney-client relationship
with Alexander.  Quite the opposite, they were adversaries in the underlying
suit.  An attorney can be liable to a non-party for misrepresentations, despite
an absence of privity, but only in limited circumstances.   McCamish,
Martin, Brown & Loeffler v. F.E. Appling Interests, 991 S.W.2d 787,
792–93 (Tex. 1999).  To determine whether a non-client justifiably relied on a
material fact, one “must consider the nature of the relationship between the
attorney, client, and non-client.”  Id. at 794; see Kastner v.
Jenkens & Gilchrist, P.C., 231 S.W.3d 571, 578 (Tex. App.—Dallas 2007,
no pet.) (“A non-client cannot rely on an attorney’s representations unless the
attorney invites that reliance.”).   Reliance is generally not justified when
the representation takes place in an adversarial context.  Id.  Thus, an attorney’s conduct is not independently actionable by an opposing party to
the suit if the conduct is part of the discharge of the lawyer’s duties in
representing his or her client.  Alpert v. Crain, Caton & James, P.C.,
178 S.W.3d 398, 405–06 (Tex. App.—Houston [1st Dist.] 2005, pet. denied); Chapman
Children’s Trust v. Porter & Hedges, L.L.P., 32 S.W.3d 429, 441 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).  An attorney is not, however, shielded from
liability when his actions constitute a fraudulent act outside the scope of his client’s legal
representation.  Alpert, 178 S.W.3d at 406.

Here, Malek and Alexander agree that
the alleged misrepresentation took place in an adversarial setting.  Alexander
asserts, however, that we should not apply the general rule that reliance is
not justified in an adversarial setting, because unlike in McCamish and Chapman,
she represented herself pro se.  Because of this, Alexander contends, she was more
likely to rely on opposing counsel’s statements than the plaintiffs in those
cases.  Pro se litigants, however, are held to the same standard as licensed
attorneys.  Kanow v. Brownshadel, 691 S.W.2d 804, 806 (Tex. App.—Houston (1st Dist.) 1985, no writ); Hope’s Fin. Mgmt v. Chase Manhattan Mortg. Corp., 172
S.W.3d 105, 107 (Tex. App.—Dallas 2005, pet. denied).  Alexander did not avail
herself of the opportunity to discuss the ramifications of waiving her right to
a jury trial with the trial court.  Even assuming that Alexander’s allegations
are true and Malek invited reliance, Alexander affirmed before the trial court
her agreement to a bench trial without verifying whether Malek had told her the
truth.  Such reliance on opposing counsel’s statements is not justifiable or
reasonable.  See Atlantic Lloyds Ins. Co. v. Butler, 137 S.W.3d 199, 226
(Tex. App.—Houston [1st Dist.] 2004, pet. denied) (reliance is not reasonable
when based on opponent’s obvious lie or misrepresentation that, with reasonable
diligence, could easily have been refuted).  

Alexander’s false evidence claim does
not lend support to a finding of fraudulent misrepresentation, because
Alexander’s reliance on the photograph is also unjustified.  The photograph
depicted Alexander’s own vehicle; therefore, Alexander would have been in a
better position than opposing counsel to know if the photograph was actually
from the wrong accident.  In addition, Alexander did not present any evidence
that the photograph was false or that Malek knew it was false and intended
Alexander to rely on it.  We therefore hold that the summary judgment evidence
did not raise a material fact question as to whether Alexander justifiably or
reasonably relied upon any alleged misrepresentation made by Malek. 
Accordingly, the trial court properly granted summary judgment in favor of
Malek.

Conclusion

          We affirm the judgment of
the trial court.

          

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Chief Justice
Radack and Justices Jennings and Bland.