Opinion issued April 12, 2012.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00931-CV

———————————

Cynthia Richardson, Appellant

V.

Wells Fargo
Bank, National Association, as Trustee for Securitized Asset Backed Receivables,
LLC 2005-FR3 MortgaGe Pass-Through Certificates, Series 2005-FR3, Appellee



 



 

On Appeal from the County Court at Law No. 3

Harris County, Texas



Trial Court Case No. 969936

 



 

MEMORANDUM OPINION

          In
this forcible detainer case, Cynthia Richardson, acting pro se, appeals the
trial court’s judgment granting Wells Fargo Bank, National Association, as
Trustee for Securitized Asset-Backed Receivables, LLC 2005 FR3 Mortgage
Pass-Through Certificates, Series 2005-FR3 (Wells Fargo) possession of
Richardson’s former residence. 
Richardson complains that the trial court erred by (1) denying her the
opportunity to seek legal counsel; (2) awarding possession to Wells Fargo in
spite of a conflicting claim to ownership; (3) failing to address Wells Fargo’s
failure to attend court-ordered mediation; and (4) abusing its authority by
requiring her to post a $34,200 supersedeas bond for the appeal.  We hold that Richardson waived these
complaints and affirm.

Background

          After
Richardson defaulted on her mortgage, her private residence became the subject
of a nonjudicial foreclosure sale.  Wells
Fargo became owner of the residence under a substitute trustee’s deed.  Richardson continued to live in the
residence, so Wells Fargo instituted this forcible detainer lawsuit in justice
court to obtain possession of the property. 
The justice court granted Wells Fargo possession of the property, and
Richardson appealed that judgment to the county court at law.  The court at law tried the case de novo and
entered final judgment in favor of Wells Fargo.

Discussion

          In
its response brief, Wells Fargo contends that Richardson failed to preserve any
of her complaints on appeal.  In order to
properly preserve a complaint for appellate review, the record must show that
(1) the complaint was made to the trial court by a timely request, objection,
or motion and (2) the trial court ruled on or refused to rule on the request,
objection, or motion.  Tex. R. App. P. 33.1(a).  This rule applies equally to pro se litigants
as it does to those represented by counsel. 
“Pro se litigants,” like Richardson, “are held to the same standards as
licensed attorneys and must comply with all applicable laws and rules of
procedure.”  Hope’s Fin. Mgmt. v. Chase Manhattan Mortg. Corp., 172 S.W.3d 105,
107 (Tex. App.—Dallas 2005, pet. denied); Kanow
v. Brownshadel, 691 S.W.2d 804, 806 (Tex. App.—Houston [1st Dist.] 1985, no
writ); see West Columbia Nat’l Bank v.
Griffith, 902 S.W.2d 201, 206 (Tex. App.—Houston [1st Dist.] 1995, writ
denied); accord Scoville v. Shaffer,
9 S.W.3d 201, 204 (Tex. App.—San Antonio 1999, no pet.); see also Mansfield State Bank v. Cohn, 573 S.W.2d 181, 184–85 (Tex.
1978). 

With respect to Richardson’s first
complaint, the record nowhere reflects that Richardson asked for additional
time to seek legal counsel before trial or that the trial court denied such a
request.  On the contrary, the trial
court’s final judgment states, “Defendant Cynthia Richardson appeared pro se
and announced ready.”  After the close of
trial, Richardson asked the trial court, “Could I have gotten an
attorney?”  As Richardson’s question
reflects, this request was untimely.  Thus,
Richardson did not preserve this issue for appellate review.  See Tex. R. App. P. 33.1(a).

Richardson’s complaint that the
trial court’s ruling does not acknowledge a conflicting claim to ownership is
likewise unpreserved.  Richardson did not
object to the admissibility of the evidence that Wells Fargo presented to the trial
court, nor did she offer any evidence of her own to show that she or another
had a superior right to immediate possession, which is the only issue in a
forcible detainer action.  Tex. R. Civ. P. 746; see Dormady v. Dinero Land & Cattle Co.,
61 S.W.3d 555, 557 (Tex. App.—San Antonio 2001, pet. dism’d w.o.j.).  To the extent Richardson alleges that a conflicting
right to ownership exists, that issue lies beyond the scope of a forcible
detainer action.  Dormady, 61 S.W.3d at 557; see Fandey v. Lee,
880 S.W.2d 164, 169 (Tex. App.—El Paso 1994, writ denied) (“Where title to the
property is directly involved in the suit, the justice and county courts lack
jurisdiction.”).  

          With
respect to Richardson’s third issue, the record does not contain any written
order requiring the parties to mediate their dispute.  It shows only that the trial court delayed
entry of judgment for half an hour so that Richardson could “go talk to” Wells
Fargo’s counsel “and see if you can’t work out an arrangement.”  This language does not require Wells Fargo to
take any action.  Further, Richardson did
not move for sanctions against Wells Fargo based on any failure to attend mediation.
 As a result, Richardson waived this
issue as well.

          Richardson
waived her final complaint, that the trial court abused its authority in
requiring her to supersede the judgment, by failing to present it to the trial
court in the first instance.  The record
shows that, although the justice court granted Richardson’s request to proceed
in forma pauperis, Richardson informed the court that she was going to post the
bond “right now because I do have $34,000.”  By agreeing to post the bond, Richardson waived
any complaint about the bond requirement.[1]  

Conclusion

          We
hold that Richardson waived her appellate complaints.  We therefore affirm the judgment of the trial
court.

 

 

                                                                      Jane
Bland

                                                                      Justice

                                                                      

Panel
consists of Justices Keyes, Bland, and Sharp.

 











[1]
        We
note that Richardson late-filed her brief after her fifth request for an
extension of time to file it was denied. 
We consider her brief in the interests of justice.  Tex.
R. App. P. 2.