**AFFIRM and Opinion Filed this 9th day of April 2013.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-12-00720-CV**

**TIFFINEY COTTLEDGE, Appellant**

**V.**

**JAMES ROBERSON, Appellee**

**On Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 10-13682**

**MEMORANDUM OPINION**

Before Justices Francis, Lang, and Evans
Opinion by Justice Evans

Tiffiney Cottledge appeals from the trial court's order granting summary judgment to James Roberson on his breach of contract claim against her. Representing herself without an attorney in this appeal, appellant presents eight issues. She generally complains the evidence does not support the trial court's breach of contract "findings," the trial court was "biased" in its findings and decision making, the trial court failed to rule on her counterclaim, and the trial court refused to file findings of fact and conclusions of law. The facts of this case are well known to the parties so we do not recite them here. Further, because all dispositive issues are clearly settled in law, we issue this memorandum opinion pursuant to rule 47.4 of the Texas Rules of Appellate Procedure. For the reasons that follow, we affirm the trial court's judgment.

In her first, second, and third issues, appellant challenges the evidence supporting the trial court "findings" that she breached the "alleged" contract. Citing exclusively to federal law,

appellant asserts that summary judgment was improper because appellee presented no evidence to support his breach of contract claim and appellant provided evidence that appellee "engaged in fraud when he misrepresented a material fact to induce another party to act in signing and agreeing to the formation of a contract."[1]  Contrary to appellant's contention, our review of the record reveals that appellee presented seven exhibits as evidence in support of his motion for summary judgment.  Appellant has not presented any discussion or analysis addressing why these exhibits could not support the trial court's summary judgment.  Moreover, appellant has not cited us to any evidence in the record to support the fraud claim to which she refers. Appellant has the burden of directing us to the evidence in the record supporting her contentions. *See Hope's Fin. Mgmt. v. Chase Manhattan Mortg. Corp.*, 172 S.W.3d 105, 108 (Tex. App.— Dallas 2005, pet. denied).  We are not responsible for searching the summary judgment record for evidence to support appellant's contentions.  *Id*.  Having failed to meet her burden of demonstrating the trial court reversibly erred in connection with these complaints, we resolve appellant's first, second, and third issues against her.  *See* TEX. R. APP. P. 44.1 (a).

In her fourth, fifth, and eighth issues, appellant asserts that the trial court was biased in favor of appellee by: (1) "not requiring [appellee] to contact all owners of the property in question even after arguments in open court were made by the Appellant in this case," (2) failing to account for the court-appointed mediator's report that appellee abandoned the contract, and (3) not adhering to the March 26, 2012 trial date.  Appellant's argument relating to these complaints consists of two conclusory statements under each issue and provides no analysis, legal authority, or record references to support her contentions.  We informed appellant by letter dated November 9, 2012 that her original brief was deficient in numerous respects, including that

---

[1] In her "Statement of the Issues" and "Summary of the Argument" appellant specifically cites us to rule "26(a)(1) or (2)" of the Federal Rules of Civil Procedure, various federal criminal opinions, and the "Justice for All Act of 2004, 18 U.S.C. § 3771."  However, the "Argument" portion of appellant's brief for these three issues contains no legal authority.  These federal authorities have no applicability regarding whether the trial court properly rendered summary judgment based on state law and the evidence and arguments before it.

the argument did not contain appropriate citations to the record or to applicable authorities. The brief before us is appellant's "Corrected Brief for Appellant" filed on November 21, 2012.

Our appellate rules have specific briefing provisions that require appellant to state concisely her complaint and provide an understandable, succinct, and clear argument for why her complaint has merit in fact and law, and cite and apply applicable law together with appropriate record references. *See* TEX. R. APP. P. 38.1(f), (h), and (i); *Bolling v. Farmers Branch Indep. Sch. Dist*. 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). Because appellant's fourth, fifth, and eighth issues are inadequately briefed, they present nothing for review. *See Cooper v. Cochran,* 288 S.W.3d 522, 530–31 (Tex. App.—Dallas 2009, no pet.).

In her sixth issue, appellant complains that the trial court's final order did not address her counterclaim first filed on November 10, 2010 and later filed on February 12, 2012. The record, however, does not support appellant's contention. The trial court's February 21, 2012 "Order on Plaintiff's Motion for Summary Judgment" specifically ordered that appellant's claims for fraud and breach of contract be summarily dismissed with prejudice. The order further provided, "all claims and defenses or counterclaims raised by the parties which are not granted herein are specifically denied and that this is a final and appealable judgment." We resolve appellant's sixth issue against her.

In her seventh issue, appellant argues that the trial court violated "LR 52.1" by its refusal to produce findings of fact and conclusions of law as required in non-jury cases. We first note appellant appears to be citing to rule 52.1 of the Local Rules of the United States District Court for the Northeastern District of Texas entitled "Proposed Findings in Nonjury Cases." This rule has no applicability to a summary judgment proceeding in state district court. Moreover, because findings of fact are inappropriate in a summary judgment proceeding, the trial court did not err in failing to file any findings or conclusions. S*ee Linwood v. NCNB Tex*., 885 S.W.2d

102, 103 (Tex. 1994) (findings of fact and conclusions of law have no place in summary judgment proceeding). We resolve appellant's seventh issue against her.

Having concluded that appellant's issues either lack merit or have been waived due to inadequate briefing, we affirm the trial court's judgment.


/David W. Evans/
DAVID W. EVANS
JUSTICE


120720F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TIFFINEY COTTLEDGE, Appellant

No. 05-12-00720-CV        V.

JAMES ROBERSON, Appellee

On Appeal from the 134th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. 10-13682.
Opinion delivered by Justice Evans.
Justices Francis and Lang participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee JAMES ROBERSON recover his costs of this appeal from appellant  TIFFINEY COTTLEDGE.


Judgment entered this 9th day of April, 2013.


/David W. Evans/

DAVID W. EVANS
JUSTICE