

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-15-00315-CV

IN RE CHRIS GERSTNER D/B/A                                 RELATOR
RESOLUTE SERVICES

----------

## ORIGINAL PROCEEDING
## TRIAL COURT NO. 2007-054860-1

----------

## MEMORANDUM OPINION[1]

----------

Relator Chris Gerstner d/b/a Resolute Services seeks a writ of mandamus directing Respondent, the Honorable Don Pierson, to hear and to rule on Relator's application for ex parte turnover relief without requiring Relator to be represented by legal counsel.

---

[1]*See* Tex. R. App. P. 47.4.

Relator purchased a judgment against the defendant in the underlying case, Real Party in Interest Aaron Transfer and Storage, Inc. As a judgment creditor, Relator filed an "Application for Ex Parte Turnover Relief," and a hearing was set for August 28, 2015. Relator's sworn affidavit attached to his petition states that Relator requested a copy of the reporter's record from the August 28, 2015 hearing but was told by the court reporter that none existed because Respondent did not ask her to transcribe the conversation and because no official hearing occurred on Relator's motion. *See* Tex. R. App. P. 52.7 (a)(2) (permitting a relator, when appropriate, to provide a statement that no testimony was adduced in connection with the matter complained of in lieu of a record from the hearing); *see also Barnes v. Whittington*, 751 S.W.2d 493, 494 (Tex. 1988) (orig. proceeding). Relator states that he appeared in court for the August 28 hearing and announced ready, but Respondent refused to conduct a hearing on his motion. Relator states that Respondent said he would not hear Relator's application until Relator hired a lawyer. Because Relator's application remains pending in the trial court, he brought this original proceeding. We requested a response from RPI, but none was filed.

Mandamus relief is proper only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re State*, 355 S.W.3d 611, 613 (Tex. 2011) (orig. proceeding). A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In*

2

*re Olshan Found. Repair Co.*, 328 S.W.3d 883, 888 (Tex. 2010) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Consideration of a motion that is properly filed and before the trial court is a ministerial act, and mandamus may issue to compel the trial court to conduct a hearing and rule on the motion. *Eli Lilly & Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992) (orig. proceeding).

Parties to civil litigation in Texas may represent themselves at trial or on appeal. Tex. R. Civ. P. 7; *Bolling v. Farmers Branch ISD,* 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). A sole proprietorship is, in law and in fact, one and the same as the person who is the sole proprietor. *See Ideal Lease Serv., Inc. v. Amoco Prod. Co.*, 662 S.W.2d 951, 952 (Tex. 1983). Consequently, a sole proprietor may appear on behalf of his sole proprietorship. *See Hope's Fin. Mgmt. v. Chase Manhattan Mortg. Corp.*, 172 S.W.3d 105, 106–07 (Tex. App.—Dallas 2005, pet. denied) (stating that owner of sole proprietorship appeared on behalf of sole proprietorship); *see also Prof'l Res. Plus v. Univ. of Tex., Austin*, No. 03-10-00524-CV, 2011 WL 749352, at *2 n.1 (Tex. App.—Austin Mar. 4, 2011, no pet.) (mem. op.) (stating that a sole proprietorship is not a distinct legal entity from its sole proprietor and therefore may appear pro se through its sole proprietor). An assumed name under which an individual does business is a sole proprietorship. *See CA Partners v. Spears*, 274 S.W.3d 51, 62, n.6, 69 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). *Cf. Simmons, Jannace & Stagg, L.L.P. v. Buzbee Law Firm*, 324 S.W.3d 833,

833 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (stating that corporations and partnerships, as fictional legal persons, cannot represent themselves).

The record before us establishes that Relator appeared in the trial court, and in this court, on behalf of his sole proprietorship, Resolute Services; he did not appear on behalf of a corporation, partnership, or fictional legal person. A sole proprietorship may appear in court pro se through its sole proprietor. *See* Tex. R. Civ. P. 7; *Prof'l Res. Plus*, 2011 WL 749352, at *2 n.1. Accordingly, Respondent abused his discretion by refusing to conduct a hearing and to rule on Relator's properly-filed application based on Relator's pro se status. *See Eli Lilly & Co.*, 829 S.W.2d at 158. Because Respondent refuses to rule on Relator's application, Relator has no adequate remedy at law. *See O'Donniley v. Golden*, 860 S.W.2d 267, 270 (Tex. App.—Tyler 1993, orig. proceeding) (holding no adequate remedy at law available when trial court refused to rule on motion).

Having determined that Respondent abused his discretion by refusing to hold a hearing and to rule on Relator's application and having determined that Relator has no adequate remedy at law, we conditionally grant a writ of mandamus. Respondent is ordered to hold a hearing and to rule on Relator's application for ex parte turnover relief within thirty days.[2] Because we are

---

[2]To the extent Relator requests additional relief from this court, including ordering Respondent to pay costs and damages, we deny all additional relief requested in Relator's petition for writ of mandamus.

4

confident that Respondent will comply with this directive, the writ will issue only if he fails to do so.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  DAUPHINOT, WALKER, and GABRIEL, JJ.

DELIVERED:  October 23, 2015