GINA M. PALAFOX, Justice
Alejandro Hernandez, pro se , and the Freedom Indeed Foundation, appeal from an order denying their application for reentry. We affirm.
FACTUAL SUMMARY
Alejandro Hernandez, a tenant pursuant to an alleged oral lease, previously appealed from a judgment granting possession of the subject property to U.S. Bank Trust. See Hernandez v. U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust , Cause No. 08-16-00290-CV, 2017 WL 1953291, at *1 (Tex.App.-El Paso May 11, 2017, no pet.). Hernandez failed to timely supersede the judgment and U.S. Bank Trust obtained a writ of possession. See Hernandez v. U.S. Bank Trust, NA as Trustee for LSF8 Master Participation Trust , 527 S.W.3d 307, 310 (Tex.App.-El Paso 2017, opinion on motion). On March 13, 2017, U.S. Bank Trust executed a writ of possession and took possession of the subject property. Hernandez , 2017 WL 1953291, at *1. Consequently, we dismissed Hernandez's appeal as moot. Id. , at *2.
During the pendency of that appeal, the Appellees, Alberto Enrique Hernandez and Reynaldo Aaron Morales, placed a winning bid via an online auction on February 2, 2017 to purchase the subject property, and they executed a real estate Purchase Agreement for the property the following day. Pursuant to the Purchase Agreement, Appellees became obligated to buy and U.S. Bank Trust became obligated to deliver a deed and convey title to Appellees upon satisfaction of certain conditions to the closing of the transaction. One of the conditions required Appellees to deposit the purchase proceeds balance with the designated title company and the Purchase Agreement required the closing to occur on or before 45 days from the execution of the Purchase Agreement. U.S. Bank Trust, as trustee for LSF8 Master Participation Trust, signed a Special Warranty Deed for the property on February 27, 2017. The deed was delivered to U.S. Bank Trust's attorney. The writ of possession was executed on March 13, 2017 and Appellants were vacated from the subject property.
The trial court determined that after February 27, 2017, and on or before March 16, 2017, the Special Warranty Deed was *900 delivered to the title company to be held in escrow until the conditions of the closing were satisfied. The transaction closed on March 16, 2017, and Appellees satisfied all conditions to the closing, including depositing the balance of the purchase proceeds with the title company. In accordance with the Purchase Agreement, the Special Warranty Deed was delivered to Appellees on that date, and it was filed and recorded in the official records of El Paso County, Texas, on March 21, 2017.
On April 13, 2017, Appellants filed an application for writ of reentry in the Justice Court, Precinct 7, of El Paso County, Texas, alleging that Appellees had unlawfully evicted them and locked them out of the property. They also sought damages. The Justice Court denied the application, and Appellants pursued an appeal to the County Court at Law No. 3. Finding that title to the property did not convey until the closing on March 16, 2017, the County Court at Law denied the application for writ of reentry and dismissed the cause with prejudice.
WRIT OF REENTRY
In their sole issue, Appellants assert that the trial court abused its discretion by denying their application for writ of reentry. They argue, as they did in the trial court, that Appellees acquired title to the property on February 27, 2017 when U.S. Bank Trust signed the Special Warranty Deed.
Standard of Review
The trial court made written findings of fact and conclusions of law. Findings of fact entered in a case tried to the bench have the same force and dignity as a jury's verdict upon questions. Anderson v. City of Seven Points , 806 S.W.2d 791, 794 (Tex. 1991). These findings are reviewable for factual and legal sufficiency under the same standards that are applied in reviewing evidence supporting a jury's answer. El Paso County Hospital District v. Gilbert , 64 S.W.3d 200, 203 (Tex.App.-El Paso 2001, pet. denied) ; Zieben v. Platt , 786 S.W.2d 797, 799 (Tex.App.-Houston [14th Dist.] 1990, no writ). Conclusions of law are reviewed de novo. BMC Software Belgium, N.V. v. Marchand , 83 S.W.3d 789, 794 (Tex. 2002). We will uphold conclusions of law on appeal if the judgment can be sustained on any legal theory supported by the evidence. See Stable Energy, L.P. v. Newberry , 999 S.W.2d 538, 547 (Tex.App.-Austin 1999, pet. denied). Further, if we determine that a conclusion of law is erroneous, but the trial court rendered the proper judgment, the erroneous conclusion of law does not require reversal. BMC Software , 83 S.W.3d at 794.
Applicable Law and Analysis
Appellants do not challenge the legal or factual sufficiency of the evidence supporting the trial court's findings of fact. Their issue on appeal is instead directed at the trial court's legal conclusion that title to the property did not convey until the closing on March 16, 2017. Under Section 92.009 of the Texas Property Code, a tenant who has been locked out of leased premises in violation of Section 92.0081, may file with the justice court a sworn complaint for reentry. See TEX.PROP.CODE ANN. §§ 92.0081, 92.009 (West 2014). Appellants' complaint filed in the Justice Court alleged that Appellees effectively became the "landlord" on February 27, 2017 when U.S. Bank Trust signed the Special Warranty Deed. Appellants further alleged that they were unlawfully evicted from the premises because Appellees failed to serve them with a notice to vacate and failed to prevail in a forcible detainer action. See *901 TEX.PROP.CODE ANN. § 24.0061(a) (West Supp. 2017)("A landlord who prevails in an eviction suit is entitled to a judgment for possession of the premises and a writ of possession."). The trial court rejected this argument because it concluded that title to the property did not convey until the closing on March 16, 2017.
Conveyance by deed requires delivery of the deed. TEX.PROP.CODE ANN. § 5.021 (West 2014) ("A conveyance of an estate of inheritance, a freehold, or an estate for more than one year, in land and tenements, must be in writing and must be subscribed and delivered by the conveyor or by the conveyor's agent authorized in writing."); Troxel v. Bishop , 201 S.W.3d 290, 296 (Tex.App.-Dallas 2006, no pet.). It has long been the law in Texas that delivery of a deed has two elements: (1) the grantor must place the deed within the control of the grantee (2) with the intention that the instrument become operative as a conveyance. Steffian v. Milmo National Bank , 69 Tex. 513, 518, 6 S.W. 823, 824 (1888) ; Noell v. Crow-Billingsley Air Park Ltd. Partnership , 233 S.W.3d 408, 415 (Tex.App.-Dallas 2007, pet. denied). The question of delivery of the deed is controlled by the intent of the grantor, and it is determined by examining all the facts and circumstances preceding, attending, and following the execution of the instrument. Noell , 233 S.W.3d at 415 ; Troxel , 201 S.W.3d at 297.
We find, as did the trial court, that the Purchase Agreement clearly articulated U.S. Bank Trust's intent with regard to the Special Warranty Deed and its delivery to Appellees. U.S. Bank Trust intended for title to the property to convey to Appellees only upon their complete satisfaction of all the closing requirements under the terms of the Purchase Agreement. The undisputed evidence shows that the closing took place on March 16, 2017, and Appellees satisfied the closing requirements by depositing the balance of the purchase proceeds with the title company. It was only upon the satisfaction of the closing requirements that the title company released the executed Special Warranty Deed for recording and delivery to Appellees. Consequently, we conclude that Appellees had no obligation under the Property Code to file a new FED action, to file a new notice to vacate, or to provide any other notice to Appellants prior to execution of the writ of possession on March 13, 2017. We overrule Appellants' sole issue and affirm the judgment of the trial court.