COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| ALEJANDRO HERNANDEZ, | § | No. 08-19-00091-CV |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | County Court at Law No. 3 |
| ALBERTO ENRIQUE HERNANDEZ and | § | |
| REYNALDO AARON MORALES, | | of El Paso County, Texas |
| | § | |
| Appellees. | § | (TC# 2018-CCV01804) |
| | § | |

## **O P I N I O N**

Appellant Alejandro Hernandez ("Hernandez"), appearing *pro se*, appeals from the trial court's denial of his application for a temporary injunction in the underlying bill of review proceeding initiated by Hernandez against Appellees Alberto Enrique Hernandez and Reynaldo Aaron Morales (collectively, "Morales"). We affirm.

## **BACKGROUND**

Hernandez was a tenant of certain property ("Property") under a purported oral lease. U.S. Bank Trust foreclosed on the Property and, on February 2, 2017, Morales placed a winning bid for the purchase of the Property in an online auction. Morales executed a purchase agreement ("Agreement") for the Property the next day. Under that Agreement, U.S. Bank Trust was obligated to deliver a deed and convey title to Morales upon the completion of certain conditions

to closing the transaction. On February 27, 2017, U.S. Bank Trust executed a Special Warranty Deed, which was held in escrow until March 16, 2017, or the date of the closing when Morales received delivery of the deed. In the meantime, while the deed remained in escrow, U.S. Bank Trust had executed a writ of possession and took possession of the Property on March 13, 2017.

In April 2017, Hernandez filed an application for writ of reentry in an El Paso County justice court, alleging that Morales had unlawfully evicted him and locked him out of the Property on March 13, 2017. *See* TEX. PROP. CODE ANN. §§ 92.0081, 92.009. The justice court denied the application and Hernandez appealed to the County Court at Law No. 3. That case is cause number 2017-CCV00661, styled *Alejandro Hernandez and the Freedom Indeed Foundation, Inc. v. Alberto Enrique Hernandez and Reynaldo Aaron Morales* ("Cause 00661"). The court in Cause 00661 concluded that title to the Property was not conveyed to Morales until March 16, 2017, after Hernandez was evicted or locked out. The court therefore denied the application for writ of reentry and dismissed the cause with prejudice.

Hernandez appealed to this Court. *See Hernandez v. Hernandez*, 547 S.W.3d 898 (Tex. App.—El Paso 2018, pet. denied) ("*Hernandez I*"). We rejected Hernandez's contention that Morales acquired title to the Property on February 27, 2017, when U.S. Bank Trust signed the Special Warranty Deed. *Id.* at 900-901. We held, in agreement with the trial court, that title to the Property was not conveyed until March 16, 2017, after U.S. Bank Trust executed its writ of possession on March 13, 2017. *Id.* Morales therefore did not owe any duties to Hernandez concerning his eviction from the Property. *Id.*

Hernandez filed the present action as a bill of review stemming from the trial court's order in Cause 00661 denying his application for writ of reentry and dismissing the cause with prejudice.

2

He alleges that he was prevented from making a meritorious claim, through no fault of his own, due to fraud and misrepresentation by Morales. More particularly, Hernandez alleges that the copy of the Agreement Morales filed in Cause 00661 misrepresented the scope of Morales's legal obligations to Hernandez under that Agreement because the copy was redacted and incomplete.

Hernandez filed an application for temporary restraining order and temporary injunction, asserting that Morales contractually assumed the rights of the tenants in possession of the Property, and became subject to the requirements of the Protecting Tenants at Foreclosure Act of 2009[1] ("Act"), immediately upon executing the Agreement on February 3, 2017. He further asserted that, on that date, he was a bona fide tenant in possession of the Property to whom Morales owed a duty under the Act to provide 90-days' notice to vacate. *See* Pub.L. No. 111–22, § 702(a)(1), (2), 123 Stat. 1632, 1661. It is undisputed that Morales did not provide such notice.

Morales raised four arguments in response: (1) the application fails on the merits because Hernandez cannot establish a probable right to relief or any probable, imminent, irreparable injury; (2) Hernandez waited too long to seek injunctive relief; (3) a temporary injunction proceeding is not a proper means of trying the issue of possession of property; and (4) granting Hernandez's requested temporary injunction would alter the status quo.

On March 29, 2019, the trial court signed an order denying the application for temporary restraining order and temporary injunction. Hernandez now appeals.

**ISSUE**

---

[1] Protecting Tenants at Foreclosure Act of 2009, Pub.L. No. 111–22, §§ 701-704, 123 Stat. 1632, enacted May 20, 2009.

3

Hernandez raises one issue, asserting that the trial court abused its discretion by denying his application for temporary injunction. Morales requests in a cross-point that this Court impose sanctions on Hernandez for filing a frivolous appeal.

**STANDARD OF REVIEW**

The denial of an application for temporary injunction is reviewed for abuse of discretion. *Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993); *Davis v. Huey*, 571 S.W.2d 859, 861-62 (Tex. 1978). A court abuses its discretion if it acts "without reference to any guiding rules and principles" or if "the act was arbitrary or unreasonable." *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

**DISCUSSION**

*Temporary injunction*

The purpose of a temporary injunction is to preserve the status quo pending a trial on the merits. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002); *Walling*, 863 S.W.2d at 57. "To obtain a temporary injunction, the applicant must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim." *Butnaru*, 84 S.W.3d at 204.

"An injunction plaintiff need not establish the correctness of his claim to obtain temporary relief, but must show only a likelihood of success on the merits." *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 686 (Tex. 1990). In other words, the applicant is not required to show he will prevail at trial. *Fuentes v. Union de Pasteurizadores de Juarez Sociedad Anonima de Capital Variable*, 527 S.W.3d 492, 499 (Tex. App.—El Paso 2017, no pet.); *City of El Paso v. Caples Land Co.*, 408 S.W.3d 26, 37 (Tex. App.—El Paso 2013, pet. denied). He need only "plead a

4

cause of action and present some evidence that tends to sustain it." *Caples Land Co.*, 408 S.W.3d at 38; *see Fuentes*, 527 S.W.3d at 499.

The basis of Hernandez's bill of review claim is that Morales failed to provide him with a 90-day notice to vacate as required by the Act. *See* Pub.L. No. 111–22, § 702(a)(1), (2), 123 Stat. 1632, 1661. Hernandez previously asserted in Cause 00661 that Morales had a duty to provide him with such notice based on the theory that Morales acquired title on February 27, 2017 (prior to Hernandez's eviction) when U.S. Bank Trust signed the Special Warranty Deed. *See Hernandez*, 547 S.W.3d at 900-901. This Court rejected that claim in *Hernandez I*, holding instead that Morales did not acquire title to the Property until after Hernandez had been evicted and therefore owed no duty to provide him with a 90-day notice. *Id.* at 901.

Hernandez now contends that he was prevented from fully asserting his wrongful eviction claim by Morales's allegedly fraudulent and misleading submission of a redacted copy of the Agreement. Hernandez argues that the full Agreement demonstrates that Morales was contractually "obligated to assume the rights of the tenants in possession and be subject to the Protecting Tenants at Foreclosure Act of 2009," regardless of when he acquired title. Hernandez urges that he was a third-party beneficiary of the Agreement and that Morales therefore owed him legal duties, including the duty to provide 90 days' notice, as of February 3, 2017, the date Morales executed the Agreement. *See City of Houston v. Williams*, 353 S.W.3d 128, 145 (Tex. 2011); *Stine v. Stewart*, 80 S.W.3d 586, 589 (Tex. 2002). The issue before this Court, then, is whether Hernandez demonstrated a likelihood of succeeding on the merits of his claim to be a third-party beneficiary of the Agreement. *DeSantis*, 793 S.W.2d at 686.

"[A] person seeking to establish third-party-beneficiary status must demonstrate that the

contracting parties intended to secure a benefit to that third party and entered into the contract directly for the third party's benefit." *First Bank v. Brumitt*, 519 S.W.3d 95, 102 (Tex. 2017) (internal quotation marks omitted); *see Stine*, 80 S.W.3d at 589. "It is not enough that the third party would benefit—whether directly or indirectly—from the parties' performance, or that the parties knew that the third party would benefit." *Brumitt*, 519 S.W.3d at 102; *see Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 421 (Tex. 2011) (person is not a third-party beneficiary merely because he is directly affected or may have a substantial interest in a contract's enforcement).

The question of third-party beneficiary status is determined by reference to the contract language alone. *Brumitt*, 519 S.W.3d at 102. The court begins with the presumption that the parties contracted only for themselves. *Id.* at 103. That presumption may be overcome only if the contract contains a clear and unequivocal expression of the parties' intent to directly benefit a third party. *Id.*; *Tawes v. Barnes*, 340 S.W.3d 419, 425 (Tex. 2011). Any doubt concerning the parties' intent must be resolved against conferring third-party beneficiary status. *Brumitt*, 519 S.W.3d at 103; *Tawes*, 340 S.W.3d at 425.

The specific portions of the Agreement on which Hernandez relies state as follows:

- The Close of Escrow is further subject to each of the following conditions precedent . . . the Title Insurance Company . . . shall have irrevocably committed to issue to Buyer an owner's policy of title Insurance covering the Property . . . subject to any and/or all of the following[:]

    . . . Rights of existing tenants and/or occupants of the Property, if any[.]

    . . .

- Buyer acknowledges that Buyer may be subject to the Protecting Tenant's [sic] at Foreclosure Act of 2009, set forth as Division A, Title VII of the Helping

6

Families Save Their Homes Act of 2009 [Pub.L. 111-22, 123 Stat. 1632, S. 896, enacted May 20, 2009] (the "Act") or state law, as applicable.

Nothing in these provisions, or in the Agreement as a whole, clearly and unequivocally expresses that the parties intended to secure a benefit to Hernandez, or any other third party, and entered into the Agreement directly for any third party's benefit. *See Brumitt*, 519 S.W.3d at 102; *Stine*, 80 S.W.3d at 589. At most, these provisions reflect that a person who was a tenant or occupant of the Property at the time of closing might benefit from its provisions. But the supreme court has repeatedly held that the fact that a contract may *result in a benefit* to a third party is insufficient to overcome the presumption that the parties contracted only for themselves. *See*, *e.g.*, *Brumitt*, 519 S.W.3d at 102; *Sharyland Water Supply*, 354 S.W.3d at 421. Rather, the essential element is that the contracting parties *intended to directly benefit* a third party. *Brumitt*, 519 S.W.3d at 102-103.

Hernandez's bill of review claim is predicated on his status as a third-party beneficiary of the Agreement. But the Agreement—the only relevant evidence—does not contain any language supporting that status. *See Brumitt*, 519 S.W.3d at 102 (third-party status is determined by reference to contract language alone). On the contrary, the Agreement as a whole demonstrates that its purpose was to convey ownership of the Property from U.S. Bank Trust to Morales, not to benefit Hernandez. *See Sharyland Water Supply*, 354 S.W.3d at 421. Hernandez did not present any evidence tending to sustain his claim of third-party beneficiary status. *See Caples Land Co.*, 408 S.W.3d at 38; *Fuentes*, 527 S.W.3d at 499. Consequently, he did not sustain his temporary injunction burden of demonstrating a likelihood of success on the merits.[2] *DeSantis*, 793 S.W.2d

---

[2] Because we hold that Hernandez did not demonstrate a likelihood of success on the merits, we need not address whether he demonstrated probable, imminent, and irreparable injury, or whether the requested temporary injunction

7

at 686.

The trial court did not abuse its discretion by denying Hernandez's application for a temporary injunction. Hernandez's sole issue on appeal is overruled.

*Frivolous appeal*

Morales requests that this Court find that Hernandez's appeal is frivolous and assess damages under Rule 45 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 45. While we acknowledge our authority to award just damages if we determine that an appeal is frivolous, "we exercise that authority only if the record shows that the appellant did not act in good faith and had no reasonable expectation of reversal." *In re M.D.G.*, 527 S.W.3d 299, 306 (Tex. App.—El Paso 2017, no pet.); *see Faddoul, Glasheen & Valles, P.C. v. Oaxaca*, 52 S.W.3d 209, 213 (Tex. App.—El Paso 2001, no pet.). Further, we "keep in mind that an appellate court must exercise its discretion under Rule 45 with caution and only after careful consideration." *In re M.D.G.*, 527 S.W.3d at 306.

To determine whether to assess damages under Rule 45, "we look at the record from the viewpoint of the *pro se* appellant and determine whether he had reasonable grounds to believe the judgment should be reversed." *Id.*; *see Faddoul*, 52 S.W.3d at 213. Morales contends that Hernandez had no reasonable grounds to believe his claim would succeed because he is simply relitigating "the same facts and issues" as were already resolved against him by this Court in *Hernandez I*. We disagree.

Hernandez's argument in *Hernandez I* was that Morales acquired title to the Property on February 27, 2017, when U.S. Bank Trust signed the Special Warranty Deed. He asserted that

would alter the status quo. *See Butnaru*, 84 S.W.3d at 204.

8

the acquisition of title is what triggered Morales's duty to give notice. *See Hernandez*, 547 S.W.3d at 900. Hernandez's present argument is that he became a third-party beneficiary of the Agreement at the time it was executed by Morales on February 3, 2017, and the creation of that status is what triggered Morales's duty to give notice.[3] He contends that he was prevented from raising this issue in the earlier proceeding because he was unaware of the contractual terms allegedly giving rise to his third-party beneficiary status due to Morales's failure to produce a complete copy of the Agreement. Thus, Hernandez's bill of review—and this appeal—involve additional facts and a different issue than were presented in *Hernandez I*.

We have determined above that Hernandez's third-party beneficiary argument lacks merit. Even so, looking at the record from his viewpoint, and recognizing the legal and factual distinctions from *Hernandez I*, we cannot conclude that Hernandez did not act in good faith and had no reasonable expectation of reversal. *See In re M.D.G.*, 527 S.W.3d at 306; *Faddoul*, 52 S.W.3d at 213. Morales's cross-point is overruled.

## CONCLUSION

The order of the trial court denying Hernandez's application for temporary injunction is affirmed. Morales's request for damages pursuant to Rule 45 is denied.

GINA M. PALAFOX, Justice

February 6, 2020

Before Alley, C.J., Rodriguez, and Palafox, JJ.

---

[3] While Hernandez did not expressly use the term "third-party beneficiary" in his bill of review, that pleading can fairly be read as asserting such status. For example, Hernandez pleaded that the unredacted Agreement establishes Morales's obligations to Hernandez under that Agreement. Hernandez does expressly use the term "third-party beneficiary" in his appellate briefing and discusses case law regarding third-party beneficiary status.

9