

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ALEJANDRO HERNANDEZ, | § | No. 08-18-00223-CV |
| Appellant, | § | Appeal from |
| v. | § | County Court at Law Number Seven |
| VICTOR VAZQUEZ, | § | of El Paso, Texas |
| Appellee. | § | (TC # 2017-DCV-0755) |

## MEMORANDUM OPINION

This case represents another chapter in the litigation spawned by the foreclosure and sale

of a residential house in El Paso Texas.[1]   In this particular case, the former tenant living at the

---

[1] To date, our Court has heard multiple appeals arising out of the foreclosure/eviction event.  *See Hernandez v. U.S. Bank Trust N.A.*, No. 08-16-00218-CV, 2016 WL 4801601 (Tex.App.--El Paso Sept. 14, 2016, no pet.) (mem. op.) (attempted appeal of supersedeas order); *Hernandez v. U.S. Bank Trust N.A. for LSF8 Master Participation Trust*, 527 S.W.3d 307, 308 (Tex.App.--El Paso 2017, no pet.) (opinion on motions regarding supersedeas); *Hernandez v. U.S. Bank Trust N.A., for LSF8 Master Participation Trust*, No. 08-16-00290-CV, 2017 WL 1953291, at *1 (Tex.App.--El Paso May 11, 2017, no pet.) (mem. op.) (appeal of judgment granting possession of the property to U.S. Bank Trust); *Hernandez v. Sommers*, No. 08-18-00045-CV, 2018 WL 1940362, at *2 (Tex.App.--El Paso Apr. 25, 2018, no pet.) (mem. op.) (resolving motions to dismiss for want of jurisdiction); *Hernandez v. Hernandez*, 547 S.W.3d 898 (Tex.App.--El Paso 2018, pet. denied) (appeal from order denying reentry alleging unlawful eviction by new property owners); *Hernandez v. Sommers*, 587 S.W.3d 461 (Tex.App.--El Paso 2019, pet. denied) (constable who executed valid writ of possession against tenants of foreclosed property was entitled to official immunity); *Hernandez v. Hernandez*, 596 S.W.3d 403 (Tex.App.--El Paso 2020, no pet.) (appeal of bill of review claiming tenant prevented from fully asserting his wrongful eviction claim in prior lawsuit); *Hernandez v. Hernandez*, No. 08-19-00060-CV, 2020 WL 6480914, at *1 (Tex.App.--El Paso Nov. 4, 2020, no pet. h.) (appeal of summary judgment dismissing wrongful-removal claim).

1

property sued a real estate agent, claiming the agent failed to pass along an offer to the seller, thereby subverting the tenant's bid to stay in the house. The trial court granted summary judgment dismissing the tenant's several claims arising out of that allegation. We are compelled to dismiss the appeal for want of jurisdiction.

## I. BACKGROUND

Based on the pleaded allegations, Alejandro Hernandez rented a residential property in El Paso, Texas. The property went into foreclosure in October 2014, and by foreclosure deed was transferred to U.S. Bank NA. The bank thereafter initiated a forcible entry and detainer action to remove Hernandez from the premises, leading to some of the other litigation referenced in footnote one to this opinion. During this time period, Hernandez alleges that he communicated several verbal offers to Victor Vazquez, a real estate agent, to purchase the property. Hernandez claims he made a $55,000.00 cash offer to another real estate agent, but contends Vazquez threatened the other agent by raising the fact of the pending litigation. He also alleges that Vazquez never communicated Hernandez's verbal offer to the new owner of the property. As a result, Hernandez claims he was denied the opportunity to purchase the property. Based on these pleaded facts, Hernandez asserted several causes of action against Vazquez, including negligence, negligence per se, common law fraud, and negligent misrepresentation. In addition to actual damages, Hernandez asserted a claim for exemplary damages.

Vazquez answered, and in addition to a general denial and affirmative defenses, he asked for an award of attorney's fees, claiming that he was entitled to those fees under Section 38.001 of the Texas Civil Practices and Remedies Code. Alternatively, he sought fees because the suit was groundless in law and fact, and brought in bad faith and the for purposes of harassment.

2

Vazquez filed a "no-evidence" summary judgment under TEX.R.CIV.P. 166a(i). In doing so, he asked the trial court to take judicial notice of other pleadings on file. He also attached his own affidavit that in turn attached twenty emails that purport to document communications between the relevant parties concerning the offer.[2] At the motion for summary judgment hearing, Vazquez argued his motion, and orally addressed his claim for attorney's fees. The trial court took the matter under advisement, and later granted Vazquez's motion for summary judgment. The court's order stated: "Defendants Victor Vazquez's No Evidence Summary Judgment is hereby GRANTED. The Court will DEFER making any ruling on the request for attorney fees until after the Plaintiff has had an opportunity to respond to that matter."

## II. FINALITY

Absent an express basis to hear an interlocutory appeal, this Court generally only has jurisdiction over final appeals. *See Qwest Commc'ns Corp. v. AT & T Corp.*, 24 S.W.3d 334, 336 (Tex. 2000) ("An appellate court lacks jurisdiction to review an interlocutory order unless a statute specifically authorizes an exception to the general rule, which is that appeals may only be taken from final judgments."). The Texas Supreme Court has held that "a judgment issued without a conventional trial is final for purposes of appeal if and only if either [1] it actually disposes of all claims and parties then before the court, regardless of its language, or [2] it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Lehmann v. Har-*

---

[2] Given our disposition of the appeal, we need not address the merits, but note that Hernandez contends the trial court erred in considering the exhibits over authentication, hearsay, and relevance objections. Conversely, Vazquez contends the exhibits conclusively disprove Hernandez's claims. Assuming the exhibits were properly admitted, the court would have to resolve in the context of a motion for summary judgment filed *solely* under Rule 166a(i) how those exhibits would be considered. *See Binur v. Jacobo*, 135 S.W.3d 646, 651 (Tex. 2004).

*Con Corp.*, 39 S.W.3d 191, 192-93 (Tex. 2001). Normally when finality is at issue, the order contains some language stating that it is final, or there is some other indication in the record of finality. *See In re Elizondo*, 544 S.W.3d 824, 825 (Tex. 2018) (finding trial court's intent to enter final judgment clear through this language: "This judgment is final, disposes of all claims and all parties, and is appealable. All relief not granted herein is denied."); *Interest of R.R.K.*, 590 S.W.3d 535, 543 (Tex. 2019) (order was ambiguous as to finality despite use of "Mother Hubbard clause" but record otherwise showed trial court's intent); *Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020) (judgment final based on trial court's clear and unequivocal statement of finality).

This judgment, however, contains no statement of finality. It actually states just the opposite by noting that the trial court reserves its ruling on a claim for attorney's fees. Nor are we directed to any other part of the record that shows this order was intended as the final judgment. Vazquez candidly raises the finality issue, but argues that there could in fact be no claim for attorney's fees here. He urges that none of the claims asserted--fraud, negligence, negligence per se, or negligent misrepresentation--give a plaintiff or a prevailing defendant the right to fees. And while we do not dispute that claim, Vazquez did in fact plead for attorney's fees under Chapter 38 of the Texas Civil Practices & Remedies Code, and without formal citation, to Chapter 10 of that same Code. *See* TEX.CIV.PRAC.& REM.CODE ANN. § 10.001 (providing that signing a pleading or motion certifies that "the pleading or motion is not being presented for any improper purpose, . . . each claim, defense, or other legal contention in the pleading or motion is warranted by existing law . . . [and] each allegation or other factual contention in the pleading or motion has evidentiary support or, for a specifically identified allegation or factual contention, is likely to have evidentiary

4

support after a reasonable opportunity for further investigation or discovery"). Moreover, Vazquez urged the award of fees at the hearing. We can hardly ignore that portion of the record.

Our decision is thus controlled by *Farm Bureau County Mut. Ins. Co. v. Rogers*, 455 S.W.3d 161, 161-62 (Tex. 2015). In that case, the trial court resolved the merits of an insurance coverage dispute but did not resolve pending claims for attorney's fees. The court concluded that the order appealed from was not final because "it did not resolve the parties' competing requests for attorney's fees." *Id.*; *see also McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex. 2001) (per curiam) (holding that where live pleading includes request for attorney's fees, and such request is not disposed of on summary judgment, summary judgment is interlocutory and not appealable). *Metro. Water Co., L.P. v. Blue Water Sys., L.P.*, No. 03-18-00230-CV, 2018 WL 2994590, at *1 (Tex.App.--Austin June 15, 2018, no pet.) (mem. op.) (failure to address attorney's fees rendered order interlocutory, despite denying summary judgment on "all other issues").

Accordingly, we dismiss the appeal for want of jurisdiction.

JEFF ALLEY, Chief Justice

November 23, 2020

Before Alley, C.J., Rodriguez, and Palafox, JJ.

5