COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| ALEJANDRO HERNANDEZ, | § | No.08-19-00276-CV |
| Appellant, | § | Appeal from the |
| v. | § | County Court at Law No. Three |
| ALBERTO ENRIQUE HERNANDEZ, and REYNALDO AARON MORALES, | § | of El Paso County, Texas |
| | § | (TC#2018-CCV-01804) |
| Appellees. | | |

## **O P I N I O N**

Appellant Alejandro Hernandez, appearing *pro se*, appeals from the trial court's order declaring him a vexatious litigant pursuant to Chapter 11 of the Texas Civil Practice and Remedies Code.   We affirm.

## I.    FACTUAL BACKGROUND

The vexatious litigant declaration arose from a petition for bill of review in which Hernandez challenged a previous adverse judgment in a suit seeking reentry to property located at 5139 Sterling Place, El Paso, Texas. The reentry litigation was grounded on Hernandez's longstanding claim he was wrongfully evicted from the Sterling Place property following a 2014 foreclosure.

**A.** ***The 2014 Foreclosure and Forcible Detainer Litigation***[1]

Ricardo and Sandra Medina (collectively "the Medinas" or "the borrowers") signed a note secured by the Sterling Place property. The security instrument attached to the note and signed by the Medinas provided that in the event of foreclosure, the borrowers, or anyone holding under them, agreed to immediately surrender possession of the property to the purchaser at the foreclosure sale. The security instrument also provided that if possession was not surrendered, the parties in possession would be treated as tenants at sufferance who could be forcibly removed by writ of possession or other court proceeding. The Medinas defaulted on the note, so foreclosure proceedings were initiated. Prior to the foreclosure sale, however, Hernandez[2] and the Medinas verbally agreed that Hernandez could lease the property for three months. Hernandez paid no rent after December 2014.

On November 4, 2014, U.S. Bank Trust ("the Bank") purchased the property at a non-judicial foreclosure sale. Hernandez remained in possession of the property after the foreclosure rent free. A year later, on November 3, 2015, the Bank sent Hernandez notice to vacate. When Hernandez failed to vacate, the Bank filed a forcible detainer suit in the justice court. A jury awarded possession to the Bank, and the justice court entered judgment in the Bank's favor. Hernandez appealed the forcible detainer judgment to County Court at Law Number Three where summary judgment was granted in favor of the Bank. Hernandez appealed the judgment to this Court where we eventually dismissed the appeal as moot on May 11, 2017 because Hernandez was

---

1 The factual background related to the 2014 Foreclosure and Forcible Detainer proceeding herein is gleaned from our opinion in *Hernandez v. US Bank Trust, NA for LSF8 Master Participating Trust*, No. 08-16-00290-CV, 2017 WL 1953291, at *1 (Tex.App.—El Paso May 11, 2017, no pet.)(mem. op.).

2 Hernandez owns a company called The Freedom Indeed Foundation, Inc. which he has included as a party to some of the lawsuits he has initiated *pro se*. We refer to Hernandez and the company collectively as "Hernandez" except when the company appears alone.

2

removed by writ of execution on March 13, 2017 after failing to timely post a supersedeas bond that would have stayed the order of removal. *See Hernandez v. US Bank Trust, NA for LSF8 Master Participating Trust*, No. 08-16-00290-CV, 2017 WL 1953291, at *1-2 (Tex.App.—El Paso May 11, 2017, no pet.)(mem. op.).

### B.      The 2017 Writ of Reentry Litigation

We adopt the following additional factual summary from a previous appeal:

During the pendency of that [the forcible detainer] appeal, the Appellees, Alberto Enrique Hernandez and Reynaldo Aaron Morales, placed a winning bid via an online auction on February 2, 2017 to purchase the subject property, and they executed a real estate Purchase Agreement for the property the following day. Pursuant to the Purchase Agreement, Appellees became obligated to buy and [the Bank] became obligated to deliver a deed and convey title to Appellees upon satisfaction of certain conditions to the closing of the transaction. One of the conditions required Appellees to deposit the purchase proceeds balance with the designated title company and the Purchase Agreement required the closing to occur on or before 45 days from the execution of the Purchase Agreement. [The Bank], as trustee for LSF8 Master Participation Trust, signed a Special Warranty Deed for the property on February 27, 2017. The deed was delivered to [the Bank] Trust's attorney. The writ of possession was executed on March 13, 2017 and Appellants were vacated from the subject property.

The trial court determined that after February 27, 2017, and on or before March 16, 2017, the Special Warranty Deed was delivered to the title company to be held in escrow until the conditions of the closing were satisfied. The transaction closed on March 16, 2017, and Appellees satisfied all conditions to the closing, including depositing the balance of the purchase proceeds with the title company. In accordance with the Purchase Agreement, the Special Warranty Deed was delivered to Appellees on that date, and it was filed and recorded in the official records of El Paso County, Texas, on March 21, 2017.

On April 13, 2017, Appellants filed an application for writ of reentry in the Justice Court, Precinct 7, of El Paso County, Texas, alleging that Appellees had unlawfully evicted them and locked them out of the property. They also sought damages. The Justice Court denied the application, and Appellants pursued an appeal to the County Court at Law No. 3. Finding that title to the property did not convey until the closing on March 16, 2017, the County Court at Law denied the application for writ of reentry and dismissed the cause with prejudice.

3

*Hernandez v. Hernandez*, 547 S.W.3d 898, 899–900 (Tex.App.—El Paso 2018, pet. denied). We affirmed the County Court at Law's judgment on March 29, 2018. *Id.* at 901. The Texas Supreme Court denied Hernandez's petition for review on July 20, 2018, and his motion for rehearing was denied on August 31, 2018. *Hernandez v. Hernandez*, No. 18-0509 (Tex. 2018).

### C.      *The 2018 Bill of Review Litigation and Vexatious Litigant Declaration*

Hernandez filed a petition for bill of review on December 6, 2018. The petition alleged Appellees misled the courts in the reentry litigation by submitting a "redacted and incomplete" purchase agreement entered between Appellees as subsequent buyers of the property, and the Bank as seller, "which [allegedly] misrepresented the scope of the buyer's legal obligations to [Hernandez] under the [purchase] [a]greement." The petition also alleged Hernandez was wrongfully evicted because Appellees "never provided [Hernandez] any notice to vacate as they were required to" and again sought "a writ of reentry." Appellees filed their answer in the trial court on December 28, 2018. On January 8, 2019, Hernandez filed an application for temporary restraining order ("TRO") and temporary injunction ("TI"), which the Appellees answered on March 27, 2019, and which was denied by the trial court on March 29, 2019. Hernandez immediately appealed the denial of the TI by filing a notice of appeal on April 5, 2019.

Meanwhile, on March 20, 2019, within 90 days of filing their Original Answer to the petition for bill or review, Appellees filed in the trial court a motion to declare Hernandez a vexatious litigant.[3] The motion alleged in part that Hernandez's bill of review was without merit because Appellees owed no obligation to Hernandez under the purchase agreement and

---

3  Section 11.051 requires a motion for order declaring plaintiff a vexatious litigant be filed on or before the 90th day after the defendant files the original answer or makes a special appearance. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 11.051.

Hernandez's claim that he was wrongfully evicted was previously decided against him in the reentry litigation. Appellees also alleged Hernandez "has maintained at least seven other ongoing cases in El Paso County Courts against the same Defendants alleging the same causes of actions, claims, controversy, or any of the issues of fact or law, within the last two years." The motion attached eleven exhibits demonstrating the finality of the reentry litigation and a chart identifying numerous cases filed by Hernandez or his company against Appellees.

On April 17, 2019, after a hearing, and while the TI appeal was pending in this Court, the trial court granted the vexatious litigant motion in a written order which included the following findings:

> [T]here is no reasonable probability that [Hernandez] would have prevailed in the instant litigation against [Appellees]; and that after litigation has been finally determined against [Hernandez], that [Hernandez] has repeatedly relitigated or attempted to relitigate, in propria persona, the cause of action, claim, controversy, and issues of fact or law determined or concluded by the final determination against the same party or defendant as to whom the ligation was finally determined, in violation of section 11.054(2)(B) of the Texas Civil Practice and Remedies Code.
>
> The Court further finds that [Hernandez] meets the criteria for being determined a vexatious litigant under section 11.054(2) of the Texas Civil Practice and Remedies Code. The discussion, analysis, comments and ruling of the Court during the hearing on Defendants' Vexatious Litigant Motion are also incorporated in this order as if set forth fully herein.

The vexatious litigant order further required Hernandez to post a security bond in the amount of $10,000 and stayed the proceedings until such time that Hernandez posted the bond. The order further stated failure to pay the bond within thirty days would result in the dismissal of the suit and that Hernandez was prohibited from filing any new litigation in a Texas court unless he obtained permission from a local administrative law judge. After Hernandez failed to post the bond, Appellees filed a motion to dismiss. After a hearing, the trial court entered findings that Hernandez failed to post the bond or obtain a prefiling order, granted the motion, and dismissed

5

the suit with prejudice on September 27, 2019. This appeal followed.

Meanwhile, on February 6, 2020, after the petition for bill of review was dismissed by the trial court, but before the judgment of dismissal was final due to Hernandez's appeal of same, we affirmed the trial court's denial of the TI on the ground that Hernandez failed to show a likelihood of success on the merits. *Hernandez v. Hernandez*, 596 S.W.3d 403, 408 (Tex.App.—El Paso 2020, no pet.). We also denied a request by Appellees to sanction Hernandez under Rule 45 of the Texas Rules of Appellate Procedure for allegedly filing a frivolous appeal because in our view, the "bill of review—and [the TI] appeal—involve[d] additional facts and a different issue than were presented in [the reentry proceeding]." *See id*. at 409.

D. *Litigation Filed By Hernandez or His Company Against Appellees*

Appellees attached to their vexatious litigant motion a list of cases initiated by Hernandez or his company against Appellees, which included most of the following:[4]

| Date Filed | Cause Number | Style | Court |
|---|---|---|---|
| 03/13/2017 | 2017-DCV-0816 | *Hernandez v. Hernandez, et al.* | County Court at Law Number Seven |
| 04/13/2017 | *717-00030-CV | *Hernandez v. Hernandez, et al.* | Justice of the Peace Number Seven |
| **04/25/2017 | 2017-CCV-00661 | *Hernandez v. Hernandez, et al.* | County Court at Law Number Three |
| 06/27/2017 | *217-00109-CV | *Hernandez v. Hernandez, et al.* | Justice of the Peace Number Two |
| **12/04/2017 | 2017-CCV-01809 | *Hernandez v. Hernandez, et al.* | County Court at Law Number Seven |

---

4 We exercise our authority to take judicial notice of the parties' lawsuits. *See Caress v. Fortier*, 576 S.W.3d 778, 782 n.2 (Tex.App.—Houston [1st Dist.] 2019, pet. denied). Some of the data in the chart was obtained through the public El Paso County website case search for *Alejandro Hernandez*. *Also see* TEX.R.EVID. 201(b)(2)(The Texas Rules of Evidence permits courts to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

| 05/15/2018 | 718-00094-FED | *Freedom Indeed Foundation, Inc. v. Hernandez, et al.* | Justice of the Peace Number Seven |
|---|---|---|---|
| 07/23/2018 | 718-00081-CV | *Hernandez v. Hernandez, et al.* | Justice of the Peace Number Seven |
| 08/08/2018 | 718-00161-FED | *Hernandez v. Hernandez, et al.* | Justice of the Peace Number Seven |
| 10/19/2018 | 2018-DCV-392 | *Freedom Indeed Foundation, Inc. v. Hernandez, et al.* | 327th District Court |
| 12/06/2018 | ***2018-CCV-01804 | *Hernandez v. Hernandez, et al.* | County Court at Law Number Three |
| 03/06/2019 | EP-19-CV-0079 | *Hernandez v. Hernandez, et al.* | U.S.D.C., Western Dist. of Texas |

\* These were justice court suits that were subsequently appealed to the county court at law.

\*\* The file dates in these actions appear in the Appellees' chart incorrectly. We correct them here.

\*\*\*Appellees did not include the bill of review action in their chart. We do.

In addition to the trial court litigation, our Court has considered eight appeals filed by Hernandez *pro se* and arising from adverse judgments and rulings in suits related to the Sterling Place property, most of which arose from the trial court litigation contained in the chart above. These appeals were all resolved against Hernandez. *See Hernandez v. U.S. Bank Trust N.A.*, No. 08-16-00218-CV, 2016 WL 4801601 (Tex.App.—El Paso Sept. 14, 2016, no pet.)(mem. op.) (dismissing appeal of supersedeas order for want of jurisdiction); *Hernandez v. U.S. Bank Trust N.A. for LSF8 Master Participation Trust*, 527 S.W.3d 307, 308 (Tex.App.—El Paso 2017, no pet.)(mem. op.)(holding untimely payment of supersedeas bond was ineffective to stay judgment awarding possession to Bank and denying as moot Hernandez's motion to reduce the supersedeas bond); *Hernandez v. U.S. Bank Trust, N.A. for LSF8 Master Participation Trust*, No. 08-16-00290-CV, 2017 WL 1953291, at \*1 (Tex.App.—El Paso May 11, 2017, no pet.)(mem. op.)(dismissing as moot appeal from judgment granting possession to Bank); *Hernandez v. Hernandez*, 547 S.W.3d

898 (Tex.App.—El Paso 2018, pet. denied)(affirming order denying writ of reentry alleging unlawful eviction by subsequent purchasers); *Hernandez v. Sommers*, 587 S.W.3d 461 (Tex.App.—El Paso 2019, pet. denied)(affirming dismissal of suit against constable who executed valid writ of possession against Hernandez for want of jurisdiction); *Hernandez v. Hernandez*, 596 S.W.3d 403 (Tex.App.—El Paso 2020, no pet.)(affirming denial of application for temporary injunction in underlying bill of review proceeding claiming Hernandez was prevented from fully asserting his wrongful eviction claim in prior lawsuit); *Hernandez v. Hernandez*, No. 08-19-00060-CV, 2020 WL 6480914, at *1 (Tex.App.—El Paso Nov. 4, 2020, no pet.)(affirming grant of summary judgment dismissing wrongful eviction claim brought against subsequent purchasers (Appellees)); *Hernandez v. Vazquez*, No. 08-18-00223-CV, 2020 WL 6867065, at *1 (Tex.App.—El Paso Nov. 23, 2020, no pet.)(mem. op.)(dismissing appeal of summary judgment in favor of real estate agent for want of jurisdiction).

## II.    DISCUSSION

In a single issue, Hernandez argues the trial court abused its discretion when it declared him a vexatious litigant as defined by Subsection 11.054(2) of the Texas Civil Practice & Remedies Code because, according to Hernandez, there is insufficient evidence that he repeatedly relitigated or attempted to relitigate the cause of action, claim, controversy, and issues of fact or law previously determined against him. He also argues that in a previous appeal in this case "[t]his Court has already determined that Appellant was not relitigating the same facts and issues and this holding is the law of the case."

Appellees respond by arguing this Court's previous opinion on which Hernandez relies is irrelevant to our review because it was issued after the trial court's vexatious litigant order was

8

entered and should not be retroactively applied, and the language on which Hernandez relies was derived from a Rule 45 analysis that differs from a Chapter 11 analysis. Appellees argue further that mere disagreement with the trial court's determination is insufficient to reverse because the standard of review prohibits us from substituting our judgment for the judgment of the trial court if its determination was not arbitrary or capricious. Alternatively, Appellees argue that even if the evidence is insufficient to establish Hernandez's vexatious litigant status under Subsection (2), there is sufficient evidence to do so under Subsection (1)(A). Finally, Appellees argue because the reporter's record of the vexatious litigant hearing is absent from the appellate record, we must presume there is sufficient evidence to support the trial court's determination.

### A. Standard of Review

We review the trial court's determination that Hernandez is a vexatious litigant for an abuse of discretion. *Sweed v. Nye*, 319 S.W.3d 791, 793 (Tex.App.—El Paso 2010, pet. denied)(*citing Harris v. Rose*, 204 S.W.3d 903, 906 (Tex.App.—Dallas 2006, no pet.); *see also Nell Nations Forist v. Vanguard Underwriters Ins. Co.*, 141 S.W.3d 668, 670 (Tex.App.—San Antonio 2004, no pet.)(finding Chapter 11 analogous to TEX.CIV.PRAC.&REM.CODE ANN. § 13.001 and adopting abuse of discretion standard courts apply to Section 13.001 determinations). "The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action. Rather, it is a question of whether the court acted without reference to any guiding rules and principles." *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). In other words, we ask whether the trial court's action was "arbitrary or unreasonable." *Id*. at 242. "The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than appellate judge in a similar circumstance does

9

not demonstrate that an abuse of discretion has occurred." *Id.*

In addition, because the vexatious litigant statute requires the trial court to make evidentiary findings under Section 11.054, those findings are reviewed for legal and factual sufficiency. *See Leonard v. Abbott*, 171 S.W.3d 451, 459 (Tex.App.—Austin 2005, pet. denied); TEX.CIV.PRAC.&REM.CODE ANN. § 11.054. "In reviewing a legal sufficiency challenge, the no-evidence challenge fails if there is more than a scintilla of evidence to support the finding." *Leonard*, 171 S.W.3d at 459. "In reviewing a factual sufficiency challenge, we set aside the trial court's decision only if its ruling is so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust." *Id.*

## B. Vexatious Litigant Statute

To determine the guiding rules and principles that cabined the trial court's discretion in making a determination that Hernandez is a vexatious litigant, we look to Chapter 11 of the Texas Civil Practice and Remedies Code, as well as the appellate court decisions interpreting it. Chapter 11 provides in relevant part:

> A court may find a plaintiff a vexatious litigant if the defendant shows that there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant and that:
>
> (1) the plaintiff, in the seven-year period immediately preceding the date the defendant makes the motion under Section 11.051, has commenced, prosecuted, or maintained at least five litigations as a pro se litigant other than in a small claims court that have been:
>
> > (A) finally determined adversely to the plaintiff;
> >
> > (B) permitted to remain pending at least two years without having been brought to trial or hearing; or
> >
> > (C) determined by a trial or appellate court to be frivolous or groundless under state or federal laws or rules of procedure;

(2) after a litigation has been finally determined against the plaintiff, the plaintiff repeatedly relitigates or attempts to relitigate, pro se, either:

    (A) the validity of the determination against the same defendant as to whom the litigation was finally determined; or

    (B) the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined; or

(3) the plaintiff has previously been declared to be a vexatious litigant by a state or federal court in an action or proceeding based on the same or substantially similar facts, transition, or occurrence.

TEX.CIV.PRAC.&REM.CODE ANN. § 11.054(1)-(3). Thus, Section 11.054 requires two showings: (1) there is no reasonable probability the plaintiff will prevail in the litigation against the defendant; and (2) at least one of the three subsections describing litigious behavior applies to the plaintiff.

In this case, according to its written order, the trial court determined that Hernandez's bill of review had no reasonable probability of succeeding and that Hernandez's litigation met the requirements of Section 11.054(2), which requires evidence establishing at the time of the vexatious determination (1) a litigation was previously finally determined against Hernandez; and (2) Hernandez, acting *pro se,* had repeatedly relitigated or attempted to relitigate either: (A) the validity of the determination made against him in the previous litigation against the same defendants; or (B) the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against him in the previous litigation against the same defendants. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 11.054(2)(A), (B).

Hernandez concedes his bill of review had no reasonable probability of succeeding. And there can be no dispute that an adverse final judgment was entered against him in the reentry litigation rejecting his claim that he was wrongfully evicted from the Sterling Property. Hernandez

11

only denies that the bill of review was an *attempt to relitigate* the "same issues of fact or law" that were previously decided against him in the reentry litigation. However, Hernandez's argument ignores the other conditions, listed in the disjunctive, that Section 11.054(2)(B) references and on which the trial court's order relied, namely a "cause of action, claim, [or] controversy." Here, the petition for bill of review persisted in Hernandez's *claim* that he was wrongfully evicted from the Sterling Property and sought the same relief that was denied in the previous reentry litigation, a writ of reentry. Moreover, the trial court's order can also be interpreted to be relying on Subsection (2)(A), which requires a showing Hernandez had repeatedly relitigated or attempted to relitigate the validity of the determination made against him in previous litigation against the same defendants. Hernandez makes no attempt to negate these other grounds on which the trial court's order may have relied.

Instead, Hernandez argues "the law of the case" compels us to reverse the trial court's determination because *after* the trial court entered its vexatious litigant order, we denied a request by Appellees in the TI appeal to assess monetary damages under Rule 45 for filing a frivolous appeal and in doing so we observed that the bill of review "involve[d] additional facts and a different issue than were presented in [the previous reentry appeal]." *See Hernandez*, 596 S.W.3d at 409. According to Hernandez, this finding precludes a determination as a matter of law that his litigation history is encompassed by Chapter 11. We disagree.

**C.      *Rule 45 Frivolous-Appeal Analysis vs. Chapter 11 Vexatious-Litigant Analysis***

For two reasons we find that our February 6, 2020 decision not to impose Rule 45 sanctions against Hernandez is irrelevant to our review of whether the trial court acted without reference to guiding rules or principles when it determined Hernandez was a vexatious litigant on April 17,

12

2019. First, our opinion was issued *after* the trial court entered its order and it therefore cannot be considered a "guiding rule or principle" that cabined the trial court's determination because it was simply not in existence at the time the trial court entered its order. Second, our Rule 45 determination was not an attempt to interpret or apply Chapter 11 to the facts in this case, which requires an entirely different analysis.

Rule 45 gives an appellate court discretion to sanction a party with monetary damages for filing an appeal that the court determines was "frivolous." *See* TEX.R.APP.P. 45. An appeal is frivolous when "the record, viewed from the perspective of the advocate, does not provide reasonable grounds for the advocate to believe that the case could be reversed." *Ortiz v. St. Teresa Nursing & Rehab. Ctr., LLC*, 579 S.W.3d 696, 708 (Tex.App.—El Paso 2019, pet. denied). We have followed other courts of appeals that have considered the following four factors when determining whether an appeal is frivolous: (1) the unexplained absence of a statement of facts; (2) the unexplained failure to file a motion for new trial when it is required to successfully assert factual sufficiency on appeal; (3) a poorly written brief raising no arguable points of error; and (4) the appellant's unexplained failure to appear at oral argument. *Faddoul, Glasheen & Valles, P.C. v. Oaxaca*, 52 S.W.3d 209, 213 (Tex.App.—El Paso 2001, no pet.)(*citing In the Interest of S.R.M.*, 888 S.W.2d 267, 269 (Tex.App.—Houston [1st Dist.] 1994, no writ) and *Baw v. Baw*, 949 S.W.2d 764, 768 (Tex.App.—Dallas 1997, no writ)). In addition, if we conclude that an appeal is indeed "frivolous," before assessing monetary damages against a litigant under Rule 45, this Court has required a record showing that the appellant did not act "in good faith" when pursuing the appeal. *Oaxaca,* 52 S.W.3d at 213.

Chapter 11's statutory language, on other hand, omits any express reference to "frivolous"

13

appeals that would give rise to factors relevant to a Rule 45 analysis, which means the analyses do not necessarily overlap. Nor does Chapter 11 inquire as to the motive of the *pro se* litigant in pursuing appellate litigation. Instead, Chapter 11 asks about the likelihood of success of the pending action *in light of* previous litigation initiated by the *pro se* litigant who has demonstrated a propensity to litigate despite repeated unfavorable results. Moreover, a vexatious declaration under Chapter 11 does not necessarily bar the *pro se* litigant from pursuing litigation—it only requires him to post security to ensure the defendant is protected in the event the plaintiff, once again, falls short, *see* TEX.CIV.PRAC.&REM.CODE ANN. § 11.055, and it may require him to obtain prior permission before filing new litigation so that the likelihood of success is objectively weighed. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 11.102 (providing that litigant subject to prefiling order may obtain permission to file new litigation if the litigation has merit and has not been filed for the purposes of harassment or delay). Thus, Chapter 11 balances the right of an individual to access the courts with the public interest in protecting defendants from those who abuse our civil justice system. *See Leonard*, 171 S.W.3d at 455. Consequently, it is entirely possible for a court to determine both that a litigant is subject to the requirements imposed by the vexatious litigant statute because of his previous litigation history and also that a particular litigation is not frivolous.

When we determined that Hernandez's TI appeal was not frivolous, we focused on whether Hernandez in his petition for bill of review *alleged* additional facts and relied on a legal theory in his briefing that differed from that raised in the original reentry litigation. *Hernandez*, 596 S.W.3d at 409. Because we found he had done so, we concluded, viewing the case from Hernandez' standpoint as a *pro se* litigant, that the briefing and the papers filed in that case did not establish

Hernandez had no reasonable expectation of reversal. *Id*. But those facts do not negate the critical fact on which a Chapter 11 inquiry turns, which is that the bill of review was indeed an *attempt to relitigate* his *claim* of wrongful eviction that was previously decided against Hernandez in the reentry litigation filed against these same defendants as well as in other previous litigation filed by Hernandez. *See* Tex.Civ.Prac.&Rem.Code Ann. § 11.054(2)(B)(requiring a showing that a plaintiff "attempts to relitigate, *pro se*, . . . the cause of action, *claim*, controversy, *or* any of the issues of fact or law determined . . . by the final determination against the same defendants . . .")[Emphasis added].

### D.    *Legal and Factual Sufficiency*

Moreover, to the extent Hernandez is challenging the legal or factual sufficiency of the evidence presented to support the trial court's determination under Section 11.054, we agree with Appellees that the record does not support his challenge. The trial court's written order expressly referenced "evidence submitted by the parties," as well as "[t]he discussion, analysis, comments and ruling of the Court during the hearing on Defendants' Vexatious Litigant Motion" as a basis of support for its determination. However, Hernandez has failed to include the reporter's record of the hearing in the appellate record. In light of the evidence attached to the Appellees' motion describing Hernandez's unsuccessful but extensive litigation against them, as well as the litigation filed in this Court, and in the absence of the reporter's record demonstrating otherwise, we presume there is legally and factually sufficient evidence to support the trial court's final determination. *See Willms v. Americas Tire Co., Inc.*, 190 S.W.3d 796, 803 (Tex.App.—Dallas 2006, pet. denied)(supp. op. denying reh'g)("[W]  hen an appellant fails to bring a reporter's record, an appellate court must presume the evidence presented was sufficient to support the trial court's

15

order.").

## CONCLUSION

For these reasons, we overrule Hernandez's sole issue and we find the trial court did not abuse its discretion when declaring Hernandez a vexatious litigant. We therefore affirm the trial court's order and the judgment of dismissal.


February 10, 2021

YVONNE T. RODRIGUEZ, Chief Justice

Before Rodriguez, C.J., Palafox, and Alley, JJ.